■ In the Matter of the Claim of JAMES V. VIGGIANO, Respondent, against PULLMAN COMPANY, Appellant, WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. Claimant in the course of employment on May 28, 1952 slipped and fell, striking his back and sustaining, among other injuries, a herniation of the nucleus pulposus between the last lumbar and the first sacral vertebra. On conflicting medical opinion, the Workmen's Compensation Board referred the case to an impartial medical specialist who found on examination the claimant's symptoms to be "characteristic" of herniation of the nucleus pulposus and who reported May 5, 1954 he had advised the claimant "to have an operation to remove the affected disc". Claimant, however, has refused to submit to an operation and the board has found that this refusal "is not unreasonable." We think there is substantial evidence in the record to sustain this finding. Appellant employer contends that all medical evidence in which surgery was contra-indicated or not clearly indicated was considerably earlier than the impartial specialist's report. On March 1, 1954, however, a physician expressed the view that the diagnosis of herniated disc was "possible", and recommended myelogram, which, he stated, even if negative, would not rule out herniated disc. This was two months before the impartial specialist's report. A physician examining the claimant for the employer on January 8, 1954, reported that "some of his signs suggest a disc lesion and others are definitely against it" but that the case "has gone on for

so long " that " the possibility of a disc must be considered " and that a myelogram was indicated. Four months before this (Sept. 22, 1953) another physician for the employer expressed the view that medical surgical procedure was not necessary at that time and suggested conservative treatment. On such a record it seems open to the board to determine factually that the refusal of the claimant to undergo surgery was not at the time of such refusal unreasonable. Claimant later went to work in a business enterprise conducted by his wife in which he swore he was receiving only $50 a week as wages; and it was on the basis of this wage that the reduced earnings award was made. His residual earning capacity may in fact be greater than this, but there is some proof that he tried without success to continue in the employ of appellant at light work within his physical capacity. It may well be, also, that his actual earnings in his wife's enterprise were in excess of $50 a week, but the record as actually presented before us discloses substantial evidence that this was the amount of his earning capacity. The employer may apply to the board for permission to aduce further proof on the question of claimant's actual earnings or his earning capacity, and, of course, the continuance of the underlying physical disability is always open to re-examination. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P.J., Bergan, Gibson, Herlihy and Reynolds, JJ.