█ In the Matter of the Claim of JOHN A. KOVARY, Respondent, v. AMERICAN WOOLEN COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases under section 25-a from a decision and award of the Workmen's Compensation Board. Appellant has limited this appeal, taken upon an abbreviated record, "to the issue of whether or not the claimant's refusal to undergo surgery for his right hernia is unreasonable", and we consider no other question. The three physicians to testify advised the operation. It appeared, however, that claimant's hernia was operated upon in 1949, recurred in 1950, was operated upon in that year and recurred in 1951. The operating surgeon said that the second recurrence was "because of intrinsic weakness in local tissues at operative site". Claimant said he would submit to an operation if "they will guarantee it will not return  *  *  * I've had too many doctors tell me it's impossible for me to have a successful hernia operation." Of course, neither the request for a "guarantee" nor hearsay evidence of medical advice satisfies the legal requirements in cases such as this, but other evidence in the record supports the board's decision. The attending surgeon said, "You can't make any promise as to the tissues holding, it would be a case of the tissues holding". Another physician said, "If he was past 60, I would tell him to wear a truss for the rest of his life and be happy", and it may not be said that the difference of less than two years between that and claimant's actual age rendered claimant's doubt unreasonable. This same physician, referring to the condition, said "the chances are it could be cured in the proper hands"; and another limited his advice to an operation by a surgeon "especially qualified in the repair of recurrent herniae", the manner of claimant's selection of such not being made entirely clear. This is not, as in the decisions cited by appellant, the case of an operation or diagnostic procedure advised for the first time and declined merely because of unwarranted fear of an operation (Palloni v. Brooklyn-Manhattan Tr. Corp., 215 App. Div. 634; Matter of Tillow v. Daystrom Corp., 273 App. Div. 1045; Matter of Peasley v. Wendling Iron Works, 277 App. Div. 821, 277 App. Div. 622). In Matter of Long v. Lotmar (277 App. Div. 822), claimant's refusal of surgery was based "on the failure of the previous surgical procedures, and the previous medical opinion that nonsurgical treatment should be followed" and, in affirming the board's finding that such refusal was not unreasonable, this court held: "In such a debatable field, it could not possibly be said as a matter of law that the decision of the board, in its turn, is also unreasonable." Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.