█ In the Matter of the Claim of JAMES P. POLLARD, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.—*Per Curiam.* Upon proof which cannot be accounted less than substantial evidence, the Unemployment Insurance Appeal Board found claimant, a security officer at a resort hotel, disqualified from benefits, by reason of his voluntary separation from his employment without good cause. On notice of minutes or less, claimant resigned by a written note which he left for his immediate superior, in which he stated that he had overheard the telephone switchboard operator report that claimant failed to go to the building to which she sent him in response to guests' complaints of noise there, the note further stating "Number #1 she was telling a lie, and Number #2 you agree with her. * * * However if that's the attitude you people take in the method which I operate on this job. I resign as of 8.01 this A.M. Herewith attached are my key's and shield, and kindly forward paycheck to my home." The board found with respect to claimant's assertion on the hearing that he was overworked on the New Year's holiday weekend and that when he complained to his supervisor he was told to do the best he could, with the result, in the board's view, that thereafter the responsibility was the employer's and not claimant's; that at the time of his sudden resignation he made no attempt to discuss his grievance with the management; and that his resignation came as the holiday was ending, as was, in consequence, the condition which he later asserted to be the reason for his departure. Appellant advances, additionally, a claim of deprivation of due process, which is, however, belied by the minutes of the hearing at which he and his attorney were present, where, after proper inquiry and declination of an opportunity to be further heard, the hearing was closed. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.