■ In the Matter of THOMAS CICCONE, Respondent, v. NATIONAL ACCESSORIES STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 22, 1973, which affirmed an award for mild causally related continued disability and held that claimant's refusal to undergo a myelogram was not unreasonable. On August 8, 1970 claimant, a clerk, sustained an injury to his back when he fell while carrying a metal wardrobe. The appellants did not dispute his right to compensation and payments for total disability were commenced on September 3, 1970. Appellants assert, however, that claimant no longer suffered any continuing causally related disability relating to the August 8 accident after December 15, 1971 and that, in any event, claimant should be precluded from continued benefits for refusal to undergo a myelogram. The questions of claimant's continued disability and the justification of claimant's failure to undergo the myelogram are factual issues, and thus if the board's decisions are supported by substantial evidence, they must be affirmed. We cannot say on the instant

record that there is not medical evidence from which the majority of the board could find mild continuing causally related disability. At most there was conflicting testimony involving a difficult diagnosis among the medical witnesses concerning claimant's condition and the resolution of the dispute was thus clearly for the board. While the issue of claimant's refusal of the myelogram presents a close issue, it still involves a question of fact for the board (*Matter of Cartenuto* v. *McConnell & Co.*, 254 App. Div. 612; see, also, *Matter of Kovary* v. *American Woolen Co.*, 12 A D 2d 711). A review of the record indicates that while several physicians felt a myelogram would be a good diagnostic test to determine the nature and extent of claimant's back condition, there is no evidence establishing that a myelogram was necessitated without question to evaluate claimant's condition (cf. *Matter of Peasley* v. *Wendling Iron Works*, 277 App. Div. 622; *Matter of Tillow* v. *Daystrom Corp.*, 273 App. Div. 1045). Moreover, while normal fear of the procedure may not justify refusal of required medical treatment (*Matter of Tillow* v. *Daystrom Corp., supra*), there is clear testimony that claimant's fear of the myelogram was not normal but exaggerated due to underlying emotional and mental difficulties. Under those circumstances, we cannot say that the board's decision that claimant's decision to refuse the myelogram was justified was erroneous as a matter of law. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.