In the Matter of the Claim of CONCETTA ZANOTTI, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 5, 1975

*George E. Ashley (Walter C. Reid* of counsel), for appellant.

*Alfred Udoff* for Concetta Zanotti, respondent.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. Claimant, on March 3, 1970, allegedly sus-

tained a lumbosacral sprain and a left ankle sprain when she twisted her ankle on a piece of paper in the company cafeteria. No fracture or dislocation has been demonstrated by X ray. Her attending physician, Dr. Barenfeld, recommended local heat and massage and estimated that she would be able to return to work in about two weeks. She did not return and continued to complain of increased back pain during her subsequent pregnancy. Following delivery, hospital traction and a myelogram were advised but claimant refused to consent to hospitalization for traction or for a myelogram. All of the doctors who saw her and treated her advised the myelogram and possible surgery, if necessary. Claimant gave birth to a second child on October 4, 1972. Following the second delivery, she was advised as she had been for many months to have the myelogram.

Claimant's position was that she refused the diagnostic myelogram because she was afraid and was not going to have an operation anyway because she had someone in the family who was in a wheelchair. The Referee found that claimant's refusal of the myelogram and possible surgery was unreasonable. On review, the board found it reasonable. We are faced with the issue as to whether claimant's refusal to submit to a myelogram test is reasonable as a matter of law or that there is substantial evidence to support the board's decision when such a test has been unanimously recommended by all the doctors in the case including claimant's own physician, and claimant's sole objection to a myelogram and thereafter possible surgery is based on her own subjective fright or fear.

We cannot agree that there is substantial evidence to support the board's decision that claimant's refusal to undergo a myelogram was reasonable. Following claimant's accident on March 3, 1970 when she was only age 25, her condition has progressively deteriorated to the point where she, in effect, now "does nothing at home". What was originally diagnosed as a sprain has prevented claimant from even returning to work again or in fact it would appear leading any form of normal life including taking care of her two children born in the interim. By May of 1971 her physician put her in traction and on September 7, 1971 after an entire month thereof had produced no favorable improvement advised a myelogram. Similarly, in December of 1971 the employer's physician following an examination of the claimant also recommended a myelogram. The myelogram itself is not hazardous and claim-

ant has had two babies in the interim yet she rejects the advice of all the physicians involved, including her own, and refuses the myelogram on the sole ground she is afraid.

We cannot agree that such refusal on these facts is reasonable (e.g., *Matter of Tillow v Daystrom Corp.,* 273 App Div 1045). It is clear that the issue of the reasonableness of claimant's refusal to submit to a myelogram is material to her right to compensation and the undisputed evidence is that such procedure is needed and reasonable. Only claimant sees otherwise and her grounds are not only baseless and unfounded but indicate a desire to remain permanently incapacitated. Moreover, we can find no case where we have upheld a claimant's groundless fear over the unanimous medical advice that the procedure is reasonable and necessary. In those cases where there has been a medical conflict (e.g., *Matter of Ciccone v National Accessories Stores,* 46 AD2d 710, 711; *Matter of Viggiano v Pullman Co.,* 7 AD2d 800), we have, of course, upheld the board. But in no case such as evidenced by the instant record.

Accordingly, the determination of the board should be reversed and the matter remitted to the Workmen's Compensation Board with directions to suspend the payment of compensation to such date as the claimant submits herself for a myelogram and thereafter, if indicated, possible surgery.

The decision should be reversed, and the matter remitted for further proceedings not inconsistent herewith, with costs to the appellant against the Workmen's Compensation Board.

SWEENEY, J. (dissenting). Since we are unable to agree with the majority that the record lacks substantial evidence to sustain the board's determination that claimant's refusal to undergo a myelogram was reasonable, we dissent and vote to affirm.

Claimant testified that the reason she refused surgery was due to fear that she might end up in a wheelchair for the rest of her life; that someone in her family was in a wheelchair as a result of a back operation. As for the refusal to permit a myelogram, it is reasonable to infer from the record that it would serve no useful purpose because claimant testified that she would not submit to back surgery, the real basis of her fear. While normal fear of the surgery may not justify refusal of required medical treatment *(Matter of Ciccone v National Accessories Stores,* 46 AD2d 710, 711), whether or not an

individual's refusal to submit to medical treatment is reasonable is a question of fact for the board to determine.

The fact that claimant's fear was based on an awareness that a relative was confined to a wheelchair because of back surgery constitutes, in our view, substantial evidence to justify the board's conclusion that claimant's refusal was reasonable. Consequently, we should not disturb that determination. *(Matter of Ciccone v National Accessories Stores, supra.)*

GREENBLOTT and KANE, JJ., concur with REYNOLDS, J.; HERLIHY, P. J., and SWEENEY, J., dissent and vote to affirm in an opinion by SWEENEY, J.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board.