■ In the Matter of the Claim of ARTHUR HOUSE, Respondent, v INTERNATIONAL TALC Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 20, 1974, as amended April 24, 1975, which found that claimant has a permanent total industrial disability as a result of talcosis, an occupational disease. The claimant had been employed in the talc mills and mines of the employer for 30 years when, on April 6, 1973, he stopped work as a result of a lung condition diagnosed as talcosis. The appellants contend upon this appeal that there is no substantial evidence to support the finding of the board of permanent total disability from a dust disease. In support of this contention, appellants urge that there is no evidence of compensable total disability. Based upon medical testimony that claimant would have been able to perform certain unspecified types of

clerical work, it is claimed that the board erred in taking into account claimant's lack of skills and education, for without taking such factors into account, claimant could only be found partially disabled, which would bar an award of compensation under the provisions of section 39 of the Workmen's Compensation Law as in effect at the time of claimant's disability. This contention is without merit. Under subdivision 1 of section 37 of the Workmen's Compensation Law, disability is defined as "the state of being disabled from earning full wages at the work at which the employee was last employed". In the present case the record is replete with evidence to support the conclusion that claimant is disabled from earning full wages at his last employment as well as being disabled from earning wages in heavy industry generally. Moreover, the board in the present case merely followed the statutory mandate of finding that claimant is "so disabled [as to be unable] to earn wages at another occupation" (Workmen's Compensation Law, § 39). *Matter of Fowler v International Talc Co.* (50 AD2d 633) is inapposite, for in that case there was evidence that claimant's disability had a medical cause in addition to dust disease. Here, the claimant is totally disabled by talcosis from employment in the only occupation for which, as the board has found, he is qualified. Such a finding is sufficient to satisfy the statutory requirements and, since the decision of the board in the present case is supported by substantial evidence, it must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.