(May 27, 1976)

In the Matter of the Claim of RICHARD H. MORGAN, Appellant, v STATE UNIVERSITY OF NEW YORK AT BUFFALO et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 7, 1974, which suspended the payment of compensation benefits until claimant undergoes competent psychiatric treatment. The facts are not in dispute. Claimant, a 37-year-old institutional safety officer, sustained a compensable injury to his back on February 25, 1970. He was paid at the maximum rate for temporary total disability from the date of the accident until November 16, 1972, with the exception of the period between August 30, 1970 to February 25, 1971,

during which time claimant returned to work. Because of the complex nature of the claimant's continued complaints, his prolonged disability, and the absence of any neurological or other physical findings to explain claimant's complaints or his confinement to a wheelchair, psychiatric evaluations were made on behalf of the carrier and by a psychiatrist of claimant's own choosing. Their diagnoses were in agreement that claimant is suffering from psychoneurosis, conversion hysteria involving his right lower extremity, which has no basis of organic involvement, and that this condition was causally related to the accident of February 25, 1970. Payments of compensation continued until terminated by the carrier for the stated reason that claimant refuses reasonable treatment. Both psychiatrists also agreed that claimant should be hospitalized to undergo psychiatric therapy such as Narco analysis involving the use of truth serum or possibly electric shock treatments, and that such therapy would be helpful in attempting to rehabilitate the claimant so that his condition would not reach the stage of becoming irreversible. Claimant has refused to be hospitalized or to undergo the psychiatric therapy as recommended by these psychiatrists. Finally, the claimant sought and was given a neurological and psychiatric evaluation by a third doctor on May 9, 1973. His findings upon examination were that claimant has a typical psychoneurosis, conversion reaction, hysterical paralysis involving his right lower extremity. He advised claimant that there was no basis of organic involvement, that he could help claimant through hypnosis, which would involve no medication, and that shock treatment is not indicated nor would it be beneficial in his case. He concluded that psychotherapy under hypnosis would be the treatment of choice and that a favorable result could be expected. The carrier authorized this latter course of treatment, but claimant has refused to undergo any type of psychiatric care or treatment since he has decided, as found by the board, that his problem is not a psychogenic one and that no psychiatrist will be able to cure him. Whether or not the refusal to submit to psychiatric treatment is reasonable is a question of fact for the board to determine. The board's determination to suspend payment of benefits is based upon its finding that claimant's refusal to undergo any type of treatment is unreasonable. In this connection, the carrier has indicated that it is willing to pick up payments of compensation just as soon as claimant submits to at least a trial of some treatment. On this record, we cannot say that the board's determination is not supported by substantial evidence (*Matter of Ciccone v National Accessories Stores,* 46 AD2d 710). Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.