■ In the Matter of the Claim of GEORGE WEIR, Respondent, v INTERNATIONAL TALC Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed June 24, 1975 and December 9, 1975. The sole question presented on this appeal is whether there is substantial evidence to support the board's finding that the claimant had a total and permanent disability due to pneumoconiosis. Claimant had been employed continuously in the talc mines of the employer for 33 years. Claimant's doctor filed a report with the Workmen's Compensation Board in which he found that the claimant was totally and permanently disabled from pneumoconiosis. This report was accepted by the board as a claim for compensation. Another doctor, a chest specialist, testified that the claimant suffered from talcosis and pulmonary emphysema, causally related, which produced a partial disability. He also found other problems, anemia and hypertension and an irreducible hernia which made the claimant totally disabled for any kind of work. Another doctor found the claimant to have talcosis and to be totally disabled from work in the talc industry, but found claimant not totally incapacitated for work of some other type. On this medical testimony the board, reversing a prior referee's decision, held claimant to be totally disabled as a result of pneumoconiosis and restored the case to the referee's calendar for an award. This award was made by the referee for total disability. The medical opinions stated in the record merely presented the board with conflicts in medical testimony, which it resolved in favor of the claimant. This finding of fact is supported by substantial evidence in this record and is final and conclusive under the Workmen's Compensation Law (Matter of Currie v Town of Davenport, 37 NY2d 472). Appellants' urging that claimant's doctor lacked medical acumen is directed to the weight to be given the testimony of the doctor, which again is a matter for the consideration of the board. It is our view, as it was the board's, that claimant's doctor's testimony did provide substantial evidence to support the board's determination (Matter of House v International Talc Co., 51 AD2d 832). Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.