■ In the Matter of the Claim of CONCHETTA ZANOTTI, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 19, 1976, which awarded benefits from July 18, 1975, the day claimant submitted to myelography. This case has been before us once before. Claimant suffered a lumbosacral sprain in 1970. When the condition failed to improve after therapy, a myelogram was recommended. Claimant refused. This court found that refusal to be unreasonable under the circumstances and remitted the case to the Workmen's Compensation Board. We directed the board to suspend payments "to such date as the claimant submits herself for a myelogram and thereafter, if indicated, possible surgery" *(Matter of Zanotti v New York Tel. Co.,* 48 AD2d 192, 194). On July 18, 1975, claimant submitted to a myelogram. Tests revealed no myelographic defect. The attending physician stated claimant would be discharged and made no recommendation of surgery. Subsequently, another attending physician confirmed the absence of myelographic defects, but recommended further EMG and nerve conduction studies. Claimant refused any further testing. In affirming the referee, the board cited further complaints of the claimant attributable to the myelogram. A psychiatrist found claimant in a post-traumatic functional state, with anxiety and depressive

features, and recommended pyschiatric treatment. The board stated: "Self Insured employer contends that even though the myelogram was negative, claimant's doctors want her to undergo further tests which the claimant so far has refused. They concede the claimant has a psychiatric disability as found by the consultant on 1/12/76, and that she may be entitled to benefits from that date. Upon review of the record, the Board Panel finds that the claimant submitted to myelography on 7/18/75 and is entitled to benefits subsequent to that date." It is apparent that all the employer asked on its first appeal was that we order claimant to undergo myelography and surgery, if indicated. We so ordered. Claimant took the required tests, they proved negative and no surgery was recommended. Claimant need do no more. She does not have to submit to an endless series of tests which may or may not get to the root of her problem. Even if further tests were required, claimant's refusal under the circumstances now presented would be reasonable. Claimant alleges that she suffers headaches attributed to the myelogram and apparently has suffered pyschological damage. The record supports the board's determination that claimant should not be required to take further tests. Decision affirmed, with costs to the Workmen's Compensation Board against the self-insured employer. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.