■ In the Matter of the Claim of HAROLD REITZEN, Respondent, v BROOKLYN CARPET EXCHANGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed December 28, 1978 and May 25, 1979, which affirmed a referee's decision and sustained an award of compensation benefits to claimant. Claimant, a carpet mechanic, concededly has a permanent partial disability resulting from a back injury which he sustained on May 7, 1976 in an accident arising out of and in the course of his employment. Although his examining and treating physicians unanimously recommend that he submit to a myelogram and surgery thereafter, if such a course should be indicated by the myelogram, he has refused to undergo such treatment. In its decision, as amended, the board found his refusal to be reasonable in that his "subjective fear with a severe psychiatric overlay is more than normal fear, and justifies his refusal to undergo a myelogram and possible surgery." Consequently, the board sustained an award of compensation benefits to claimant, and the employer and its insurance carrier now appeal. Seeking a reversal of the board's decision, appellants argue solely that claimant's refusal to undergo a myelogram and surgery, if recommended, is unreasonable as a matter of law under the circumstances of this case, and that payment of compensation benefits to claimant should cease until such time as he submits to the recommended procedures. We cannot agree. While appellants rely heavily upon *Matter of Zanotti v New York Tel. Co.* (48

AD2d 192) as being supportive of their position, we find that the instant situation is readily distinguishable from the facts in that case. Here, there is substantial evidence in the record that claimant does not desire to remain permanently incapacitated and that his rejection of the proposed course of treatment is based upon more than groundless fear. Dr. Martin Wolpin, claimant's treating physician, indicated in his report of October 18, 1978 that claimant is not a malingerer and that he has an emotional disability superimposed upon a herniated disc. Additionally, claimant testified that Dr. Howard Freedam, who examined him, told him that there was some danger attached to a myelogram. Under these circumstances, there is ample evidentiary support in the board's finding that claimant's refusal of the myelogram and back surgery was justified, and, therefore, its award of benefits to claimant should not be disturbed (cf. *Matter of Ciccone v National Accessories Stores,* 46 AD2d 710). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Staley, Jr., and Main, JJ., concur.

Kane and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Rather than affirming the finding of a permanent partial disability and directing the payment of reduced earnings, it is our view that the board should have referred claimant to a qualified psychiatrist for evaluation and treatment to assist him in overcoming his fear of medical treatment. Psychiatric assistance has been suggested by the examining physicians and has also been requested by claimant. If it is the myelography that presents the major hurdle in this case, we would note that there are other diagnostic procedures available, such as a nonevasive computerized axial tomography (CAT scan), which would eliminate the objectionable features of a myelogram. A refusal to undergo such an alternative procedure would, in our opinion, be unreasonable *(Matter of Zanotti v New York Tel. Co.,* 48 AD2d 192).