■ In the Matter of the Claim of FRANCESCO MESSINA, Respondent, v CAMILLO SPERANZA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed June 29, 1979 and January 22, 1980. Claimant is a 44-year-old mason employed by Camillo Speranza. He sustained a back injury when he lifted a concrete block while doing his work. Surgery was performed in October, 1974 to remove a herniated disk at the L-4 level. After some initial improvement, claimant's back problems reoccurred. Claimant underwent a myelogram which indicated a possible recurrence at the L-4 level and an increase of the disc protrusion at L-3 which had been noted after his accident and prior to his first surgery. Further surgery was recommended by all the doctors who examined claimant. Claimant, however, refused to undergo further surgery because of his fear that his existing condition would worsen as it had after his initial surgery and that paralysis might result. Claimant has not worked since the accident and is now permanently disabled. He needs pain medication for leg and back pain, assistance in dressing and rising and his ability to walk and move is seriously impaired. Compensation benefits were discontinued to claimant by the Administrative Law Judge because of claimant's refusal to undergo further surgery. The board rescinded the decision and remitted the matter to the Judge for medical testimony on the question of the reasonableness of claimant's refusal. After a hearing, the Judge reinstated his decision. The board reversed in a decision filed June 29, 1979 and found that claimant's refusal to submit to further back surgery was not unreasonable. In a subsequent decision filed January 22, 1980, the board affirmed the award of the Administrative Law Judge made to claimant on November 19, 1979. Appellants contend on this appeal that claimant's refusal to undergo surgery is unreasonable as a matter of law. It is fundamental law that the board's determination

as to the reasonableness of claimant's refusal to undergo further surgery is a factual finding and if the finding is supported by substantial evidence in the entire record, it cannot be disturbed on appeal. The board here found: "claimant's refusal to have surgery was not unreasonable. On June 12, 1978, Dr. Geib testified to examination on April 29, 1975. There is reasonable prospect of success with surgery. He cannot rule out or deny complications. Dr. Salamone testified to examination of February 4, 1977 and his original diagnosis was herniated disc. The original surgery did not cure the disability. There are complications and the patient's refusal to have the operation is not unreasonable. Dr. McDonald testified that he first saw the claimant on October 8, 1974. The claimant was obviously disappointed that he had pain after the operation. He indicated that further surgery will improve the disability and is not contraindicated medically. There is always a chance of paralysis. Upon review, the Board finds claimant's refusal to submit to further back surgery is not unreasonable, based on the testimony of Dr. Isso and Dr. Geib." In considering the factors relevant to the reasonableness of claimant's refusal to undergo further surgery, of importance is the undisputed fact that he has already undergone two serious surgical techniques (myelograms) and major surgery in an attempt to restore himself to health. Also to be weighed is the lack of success of the prior surgery to correct his pathology. Of significance is the fact that though the new surgery, according to all the physicians involved, is medically indicated, it carries no guarantee of success. The best assurance given claimant is that surgery *"should"* (emphasis added) improve his condition. There exists the possibility that surgery could worsen his condition or result in paralysis. The sum of all these circumstances leads to the conclusion that substantial evidence supports the board's finding. Decisional law also supports the board's finding of the reasonableness of claimant's refusal to submit to further surgery *(Matter of Kovary v American Woolen Co.,* 12 AD2d 711; *Matter of Pruszenski v Edo Aircraft Corp.,* 275 App Div 1015). *Matter of Zanotti v New York Tel. Co.* (48 AD2d 192), cited by appellants, is clearly distinguishable from the instant case on its facts in that the refusal there involved a myelogram rather than a second surgery as here. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.