■ In the Matter of the Claim of CLIFFORD F. WOLFE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1980, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant ineligible to receive benefits during various periods, charging him with an overpayment of $846 ruled to be recoverable and imposing a forfeiture of effective days. The decision of the board holding claimant ineligible to receive benefits because he was not totally unemployed is supported by substantial evidence *(Matter of Bunzl [Lubin],* 1 AD2d 46) as is its determination charging him with an overpayment of benefits and imposing a forfeiture of effective days *(Matter of Boyd [Ross],* 59 AD2d 804, affd 46 NY2d 723). Pursuant to the rules of this court, costs are assessed in favor of claimant against the Industrial Commissioner in view of the latter's excessive delay in filing respondent's brief (22 NYCRR 800.9 [d]). Decision affirmed, with costs to claimant against the Industrial Commissioner. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.

■ In the Matter of the Claim of GEORGE DE HART, Respondent, v DIVERSIFIED SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal, by the employer and its insurance carrier, from a decision of the Workers' Compensation Board, filed August 19, 1980, affirming an award for total disability resulting from causally related coronary insufficiency and angina pectoris. The board found: "Upon review of the record as a whole, particularly the testimony of the claimant and Dr. Atlas, the Board Panel finds that claimant's heart condition and disability is due to his work effort of March 31, 1979 and that timely notice was given." There is substantial evidence to sustain the determination of the board. It is within the power of the Administrative Law Judge and the board on review, to weigh and evaluate evidence and to decide whether the testimony of a physician, or any part thereof, be deemed credible, and whether that evidence establishes causal relationship *(Matter of Currie v Town of Davenport,* 37 NY2d 472; *Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914). The board's determination is not unreasonable and should not be disturbed. The carrier had ample opportunity to have claimant examined by a physician of its choice (Workers' Compensation Law, § 13-a, subd [4]; see *Matter of Reitzen v Brooklyn Carpet Exch.,* 74 AD2d 941). Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.