■ In the Matter of the Claim of Sharon M. Buehler, Respondent, v New York Telephone Company, Appellant. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 30, 1981, which affirmed a referee's award of compensation with direction to the employer to continue payments after March 10, 1980. Claimant suffered a job-related injury on October 23, 1978. Her self-insured employer, New York Telephone Company, did not controvert the claim and she received benefits from October 24, 1978 until March 10, 1980, when the employer stopped the payments because of claimant's failure to submit to a consultant's examination. At a hearing held July 8, 1980, the referee found accident, notice, and causal relationship established, made awards for the period from the date of injury to the date of the hearing and also directed that the payments be continued at the temporary total disability rate. In its appeal to the Workers' Compensation Board, the employer argued that claimant's refusal to take a Minnesota Multiphasic Personality Inventory Test (MMPIT), recommended by its consulting psychiatrist, was improper and requested the board to rescind the referee's decision and to direct claimant to complete the MMPIT. The board affirmed. It found that it was reasonable for claimant to refuse to perform the MMPIT since hers was an orthopedic disability. Whether claimant acted unreasonably in refusing to submit to the MMPIT, particularly when, as here, there was no unanimity of medical opinion that such a test was desirable (cf. *Matter of Zanotti v New York Tel. Co.,* 48 AD2d 192), is a question of fact for the board (*Matter of Ciccone v National Accessories Stores,* 46 AD2d 710). As it noted, and the record confirms, there was no evidence from claimant's attending physician of any psychiatric involvement. Indeed, from the inception of his treatment of claimant, he has and continues to diagnose her condition as a causally related chronic strain and sprain of the lumbar sacral area. The board's decision being well within its prerogative, there is no basis for its disturbance. And since the issue of whether the case should be restored for development of the record on the question of causally related disability was never presented to the board for consideration, we are unwilling to review it (*Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 132-133). Moreover, the parties stipulated that the only issue to be raised on appeal was whether claimant's aversion to submitting to the MMPIT was rational. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.