■ In the Matter of the Claim of THOMAS ROURKE, Respon-

dent, v Reichhold Chemical, Inc., et al., Appellants. Workers' Compensation Board, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 1986.

The employer and its carrier object to the Workers' Compensation Board's finding of permanent total disability due to lead poisoning, arguing that the decision is not supported by substantial evidence and that they were denied certain basic due process rights. We find no merit in either argument.

In reaching its decision, the Board expressly relied upon the reports of three physicians. The employer argues that since the reports reveal conflicting opinions as to whether claimant was totally disabled due to lead poisoning, the Board erred in relying upon the reports in the absence of testimony from the physicians explaining the rationale for their opinions. The Board did not, however, decide this case by crediting one expert opinion and rejecting another. Rather, it adopted the one opinion upon which all three physicians were in agreement: that claimant should never again work in an environment where he is exposed to lead. Next, based upon claimant's testimony as to the scope of his employment experience, his skills, his age and his education, the Board found that claimant was unable to do any work other than his current employment. Thus, since his current employment concededly would result in exposure to lead, the Board concluded that claimant was totally disabled. The Board's decision has a rational basis and is supported by substantial evidence in the record *(see, Matter of House v International Talc Co.,* 51 AD2d 832, *lv denied* 39 NY2d 708).

The employer's due process argument is based upon its claimed inability to examine or cross-examine the medical experts due to the Administrative Law Judge's refusal to grant the employer's belated request for further hearings. Since the experts were unanimous in the opinion upon which the Board relied—that claimant must refrain from working in an environment which would expose him to lead—no prejudice resulted from the inability to examine or cross-examine these experts.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.