■ In the Matter of the Claim of PATRICIA MOORE, Respondent, v RPM INDUSTRIES, INC., Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 16, 1987.

In August 1979, RPM Industries, Inc., hired claimant to work at its manufacturing facility in Cayuga County. Using liquid acetone, which filled her enclosed, poorly ventilated workroom with fumes and odors, claimant cemented hundreds of plastic boxes a day while seated at a bench. About two years after starting work for RPM, claimant began to suffer coughing, wheezing and breathlessness, as well as irritation in her respiratory passages. The symptoms worsened over the next three years and on April 12, 1984, claimant experienced a very severe attack which forced her to leave work. When her condition did not improve, claimant went to the hospital for emergency treatment. She came under the care of Dr. David Davin, a lung specialist, who diagnosed her condition as asthma "brought to fruition by what appears to be a substantial occupational exposure to asthmagenic agents".

Claimant filed claims for workers' compensation benefits on May 30, 1984 and June 8, 1984. She stated that inhaling acetone at RPM caused her to develop occupational asthma. RPM did not contest the causal connection, but claimed that claimant's disability was only partial. After hearings, the Workers' Compensation Law Judge held that the occupational asthma had totally disabled claimant and awarded her total disability benefits. The Workers' Compensation Board affirmed and this appeal by RPM ensued.

We affirm. Workers' Compensation Law § 37 (1) is confined to occupational disease claims (*Matter of Schurick v Bayer Co.,* 272 NY 217, 220) and defines disability as "the state of being disabled from earning full wages at the work at which the employee was last employed". The Board's finding of total disability in an occupational disease case must be affirmed if there is substantial evidence that the disease prevents a claimant from earning any wages in work for which he or she is qualified (*Matter of Di Nicola v Crucible Steel,* 83 AD2d 735, *lv denied* 54 NY2d 609; *Matter of House v International Talc Co.,* 51 AD2d 832, 833, *lv denied* 39 NY2d 708).

In this case, the evidence clearly demonstrates that claimant's unavoidable exposure to acetone at RPM totally disabled her. The circumstances present in the workplace, the medical experts' conclusions that claimant was fully disabled from

pursuing her occupation as a cementer, and claimant's lack of qualifications for other work fully support the Board's finding (see, Matter of Grandinetti v Syracuse Univ., 134 AD2d 683; Matter of Rourke v Reichhold Chem., 129 AD2d 949).

We reject RPM's contentions that claimant's disability is only partial and, accordingly, pursuant to Workers' Compensation Law § 15 (5) she is entitled to be paid only "two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or *other employment*" (emphasis supplied). In other words, RPM unpersuasively argues that despite claimant's incapacities she can still find some other employment away from noxious fumes and accept a lower wage.

The Board, relying on the testimony of both claimant's physician, Davin, and RPM's medical expert, Dr. Ronald Miller, concluded that claimant's disability was total even though the doctors indicated that claimant retained some limited capacity to work. The Board has a statutory mandate "to ascertain the substantial rights of the parties" (Workers' Compensation Law § 118). This mandate empowers the Board to selectively adopt or reject portions of a medical expert's opinion and review the record realistically and as a whole (*Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142-143; see, *Matter of Tangredi v GAF Constr. Corp.*, 125 AD2d 811, 813).

According to Davin and Miller, claimant remains vulnerable to asthmatic attacks upon exposure to industrial substances. Both physicians strongly advised claimant to avoid work involving any such substances. Claimant's violent reaction to workplace dust just before she left RPM and her continued asthmatic symptoms long after she left RPM permitted the Board to give great weight to claimant's extreme sensitivity to the most common of these irritants. Also, it is apparent from the doctors' reports and opinions that claimant's condition prevented physical exertion. These limitations render it impossible for claimant to find employment of a kind within her skills and qualifications. Thus, the Board's finding meets the well-settled criteria of total disability under Workers' Compensation Law §§ 15 and 37 (1), and, accordingly, there must be an affirmance.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.