■ In the Matter of the Claim of THOMAS GRANDINETTI, Respondent, v SYRACUSE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board, filed July 7, 1986.

Claimant suffered a compensable back injury on July 6, 1982. After the case was twice restored to the Trial Calendar for purposes of assessing the degree of disability, the Workers' Compensation Board ultimately determined that claimant was totally industrially disabled. The self-insured employer challenges this determination, asserting that claimant is only partially disabled and that his failure to complete a rehabilitation program and refusal to undergo a myelogram preclude a finding of total disability. We affirm.

Claimant was 54 years old at the time of this accident and was employed as a mason most of his adult life. While the employer's medical expert opined that claimant was only partially disabled and capable of performing light work with restrictions precluding lifting or bending, there is abundant medical evidence that claimant is totally incapable of working as a mason or in any other capacity that requires heavy labor. This conflict in medical testimony was for the Board to resolve. Considering claimant's age, work experience and limited education, the Board had ample basis to find him totally industrially disabled (see, Matter of Rourke v Reichhold Chem., 129 AD2d 949; Matter of House v International Talc Co., 51 AD2d 832, lv denied 39 NY2d 708). Claimant had a

previous back injury in 1980 which was asymptomatic until the accident of 1982. Although this condition is recognized as a contributing cause of the present disability, it does not preclude the Board's finding that claimant is now totally disabled (see, Matter of Lent v Bethesda Hosp., 91 AD2d 768). There is also substantial evidence in the record that claimant did not voluntarily discontinue a rehabilitation program, but was deemed an inappropriate candidate by the program's staff.

Finally, whether claimant was justified in refusing a myelogram and, if indicated, a laminectomy presented a question of fact for the Board to resolve (see, Matter of Ciccone v National Accessories Stores, 46 AD2d 710; Matter of Viggiano v Pullman Co., 7 AD2d 800). While even claimant's orthopedic surgeon agreed that a myelogram would be helpful for diagnostic purposes, he further recognized that claimant's apprehensions were reasonable, given the serious dangers attendant such a procedure. Claimant testified that both his wife and brother-in-law experienced adverse results from a myelogram. Under these circumstances, the Board could rationally find that claimant's decision not to undergo a myelogram and possible laminectomy was reasonable (cf., Matter of Zanotti v New York Tel. Co., 48 AD2d 192). The decision is supported by substantial evidence and we, accordingly, affirm.

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.