■ In the Matter of the Claim of VIRGINIA HORNE, Respondent, v BARCLAY HOME PRODUCTS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed December 18, 1987, which ruled that claimant had a causally related partial disability from March 7, 1985 to August 31, 1985 and a permanent total disability continuing thereafter.

Claimant was employed for approximately 1½ years as a turner and inspector of pillows at Barclay Home Products. In January 1985, claimant's employer brought machinery into claimant's work area which served the purpose of heat-sealing and pressing the plastic wrapping material used to package pillows. This process resulted in the emission of toxic polyurethane fumes and it appears that the employer did not provide adequate ventilation of these fumes. Although claimant made daily complaints about these fumes and the breathing problems she was experiencing, no action was taken. Eventually claimant collapsed and was hospitalized for seven days. She has not returned to work since that time and she was diagnosed as having occupational asthma resulting from her exposure to the plastic fumes at work. Claimant then filed for workers' compensation benefits.

Although claimant initially showed some improvement, her condition worsened in August 1985 and she had to be rehospitalized briefly for tests. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) found that occupational disease, notice and causal relationship were established and continued the case for hearings on the issues of the duration and extent of the disability. Following hearings where medical testimony by claimant's doctor and the doctor for the employer's workers' compensation carrier was considered, a WCLJ awarded claimant benefits at a total disability rate from January 18, 1985 through March 7, 1985 and a partial disability rate thereafter. Claimant applied for review of this decision and the Workers' Compensation Board ultimately modified the WCLJ's decision by finding that claimant had a causally related partial disability from March 7, 1985 to the date of her rehospitalization in August 1985, and that since that time claimant has been totally and permanently disabled. The employer and its carrier appeal.

The sole issue on this appeal is whether substantial evidence exists to support the Board's determination that, commencing in August 1985, claimant was totally and permanently disabled by occupational asthma. We find that it does and the Board's decision must be affirmed. The applicable statute for occupational disease claims is Worker's Compensation Law § 37 (1), which defines disability as "the state of being disabled from earning full wages at the work at which the employee was last employed". As recently noted by this court, "[t]he Board's finding of total disability in an occupational disease case must be affirmed if there is substantial evidence that the disease prevents a claimant from earning

any wages in work for which he or she is qualified" *(Matter of Moore v RPM Indus.,* 144 AD2d 135).

Here, claimant's physician, Dr. Myron Fribush, testified that claimant was fully disabled from pursuing her usual occupation in an industrial setting. This conclusion was supported by the testimony of the carrier's expert, Dr. Frank Maxon, even though both physicians indicated that claimant retained some limited capacity to work in a strictly controlled environmentally pure atmosphere *(see, supra; Matter of McDonald v Atlas Steel Casting Co.,* 55 AD2d 758, *lv denied* 41 NY2d 807). Although the employer relies on these conclusions to bolster its argument that claimant could conceivably still find some other sedentary employment away from noxious fumes, this contention must be rejected. The medical testimony before the Board established that if claimant were exposed to the smallest concentrations of the most common noxious fumes or irritants, including dust, secondary smoke or the odor from cleaning agents, an asthmatic response on claimant's part would be triggered. Further, claimant's age and her continued asthmatic symptoms long after she left her job render it virtually impossible for her to find work within her skills and qualifications *(see, Matter of Moore v RPM Indus., supra; Matter of Grandinetti v Syracuse Univ.,* 134 AD2d 683; *Matter of House v International Talc Co.,* 51 AD2d 832, 833, *lv denied* 39 NY2d 708). Accordingly, the Board's finding of total disability was rational and supported by the evidence *(see, Matter of Rourke v Reichhold Chem.,* 129 AD2d 949, 950).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.