■ In the Matter of the Claim of ROBERT CLARKE, Respondent, v ROCKLAND COUNTY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 663] —Appeal from a decision of the Workers' Compensation Board, filed September 23, 1991, which ruled that claimant had a causally related total disability from August 5, 1987 to January 22, 1991 and a permanent partial disability thereafter.

On September 19, 1985 claimant, while performing his duties as a police officer, injured his back and right knee. Subsequent to a determination by the Workers' Compensation Board establishing accident, notice and causal relationship, a hearing was scheduled for November 2, 1990 to address the issue of the extent of claimant's disability. Although claimant and an investigator hired by the employer to report on claimant's activities were supposed to testify at that hearing, the investigator failed to appear. Upon the adjourned date of January 22, 1991, the investigator was again absent. Claimant was present at both hearings. No testimony was taken at either hearing. After receiving the results of a medical examination by a Board-appointed physician, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant was totally disabled until January 22, 1991 and permanently partially disabled thereafter. This determination was ultimately sustained by the Board, resulting in this appeal by employer.

We affirm. Although the employer contends that the WCLJ improperly closed the hearing without permitting it to question claimant, the employer never asked for claimant's testimony in the absence of the investigator's testimony, nor did it request a further adjournment at the second hearing. In fact, the employer presented no objection at the second hearing to

a statement by claimant's attorney that claimant's testimony was not necessary because its only purpose was to explain the investigator's findings. Under these circumstances, claimant's failure to testify did not violate the employer's right to cross-examination *(see, Matter of Mamone v Griege,* 135 AD2d 967; *see also, Matter of O'Connor [Howell—Hartnett],* 165 AD2d 946; *Matter of Pollard [Catherwood],* 25 AD2d 915). The same reasoning applies to the employer's contention that the WCLJ refused to allow cross-examination of the physicians examining claimant. The employer never made any request for medical testimony to the WCLJ *(cf., Matter of Collucio v Hermark Knitwear Corp.,* 21 AD2d 704).

The first time that the employer requested that claimant or the physicians testify was in its application to the Board for review. The application was in essence one for rehearing or reopening insofar as it sought further development of the record *(see,* 12 NYCRR 300.14). The employer never disputed or offered any explanation for its acquiescence to closing the case without this testimony, nor did it assert that there were any additional facts of new information that were previously unavailable *(see, Matter of Aiello v Rissel Constr. Corp.,* 37 AD2d 884, *lv denied* 30 NY2d 484). In such a situation, it cannot be said that the denial of a rehearing would constitute an abuse of discretion *(see, Matter of Sammaritino v Attractive Fashions,* 96 AD2d 627). As a final matter, we reject the employer's assertion that the Board erred in finding claimant to be totally disabled through January 22, 1991. A review of the medical reports and the record as a whole provide substantial evidence to support the Board's conclusion *(see, Matter of Horne v Barclay Home Prods.,* 149 AD2d 878).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.