■ In the Matter of the Claim of SEYMOUR M. MEYERS, Respondent, v ROBESON INDUSTRIES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [619 NYS2d 378] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed March 22, 1993, which ruled that claimant was permanently and totally disabled.

We conclude that there was substantial evidence in the record to support the determination of the Workers' Compensation Board that claimant suffered from total disability and not only marked partial disability, as asserted by the employer and its workers' compensation carrier *(see, e.g., Matter of Walker v Twin Indus. Corp.,* 101 AD2d 667). In view of the testimony of Ben Benatar, claimant's treating orthopedist, that claimant had a "total", "extensive" and "real severe" disability and that he knew of no job category in which he could place claimant, the mere fact that claimant was able to walk, drive, sit and stand for short periods of time did not compel a contrary conclusion. The conflicting testimony of the carrier's physician merely created a factual issue for the Board's determination *(see, Matter of Boyce v Michelangelo Gen. Contrs.,* 195 AD2d 768; *Matter of Baker v Three Vil. Cent. School Dist.,* 154 AD2d 828).

Further, although Benatar repeatedly recommended surgery for claimant (a laminectomy and excision of a herniated disc), he was not at all certain that claimant could be helped. To the contrary, when asked whether the recommended surgery

would produce an earning capacity of some type, Benatar's unsure response was, "Potentially, yes, if it works." Under the circumstances, we are not persuaded that claimant's unwillingness to undergo the recommended surgery was unreasonable *(see, Matter of Messina v Speranza,* 79 AD2d 807; *Matter of Reitzen v Brooklyn Carpet Exch.,* 74 AD2d 941; *cf., Matter of Zanotti v New York Tel. Co.,* 48 AD2d 192).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.