■ In the Matter of the Claim of TINA HUGHES, Respondent, v STEUBEN COUNTY SELF-INSURANCE PLAN, Appellant, and

STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [669 NYS2d 716] —White, J. Appeals from three decisions of the Workers' Compensation Board, filed April 12, 1994, June 13, 1995 and April 26, 1996, which, *inter alia,* ruled that Steuben County was solely liable for workers' compensation benefits paid to claimant.

Claimant, a recipient of public assistance provided by the Steuben County Department of Social Services (hereinafter the County), sustained an injury to her back while participating in a workfare program sponsored by the County. The injury occurred while claimant was working as a kitchen aide at East Corning Senior Center, a facility owned and/or under the control of the Steuben County Economic Opportunity Program (hereinafter SCEOP). Claimant was found eligible to receive workers' compensation as a result of her injury. Subsequently, a dispute arose between the County and SCEOP and its carrier, the State Insurance Fund, as to who was responsible for paying claimant's benefits. Ultimately, in a series of decisions, the Workers' Compensation Board ruled that the County was fully liable for the payment of these benefits. These appeals by the County followed.

Initially, the County argues that the Board's decision is not supported by substantial evidence since the record is incomplete due to the lack of testimony regarding the employer-employee issue that is at the center of this matter. The first time the County requested testimony was in its application for full Board review, which in essence was an application for rehearing or reopening inasmuch as it sought further development of the record (*see, Matter of Clarke v Rockland County,* 194 AD2d 1017). The County did not support its application with an explanation for its failure to request testimony while the hearing was pending or otherwise satisfy the requirements of 12 NYCRR 300.14 (a). Under these circumstances, the Board did not abuse its discretion in not reopening this matter (*see, Matter of Druziak v Town of Amsterdam,* 209 AD2d 870, *lv denied* 85 NY2d 809; *Matter of Clarke v Rockland County, supra*).

Turning to the merits, the County maintains that SCEOP should be responsible for this claim since it was claimant's special employer. The question of whether a person is a special employee is a factual issue for the Board to resolve and its determination will be sustained if supported by substantial evidence (*see, Matter of Shoemaker v Manpower, Inc.,* 223 AD2d 787, *lv dismissed* 88 NY2d 874). Here, the record confirms that although SCEOP did supervise claimant's day-to-day activities,

the County nonetheless retained substantial over-all control over important aspects of claimant's work (see, *Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833). For example, claimant received no wages from SCEOP and instead received public assistance benefits, reimbursement for work-related expenses and a lunch allowance from the County. The number of hours claimant worked was dependent upon the size of her public assistance grant. The County required claimant to complete time sheets and submit other related paperwork. Only the County could determine whether a proffered excuse by claimant for a work absence was acceptable and the County retained the power to monitor and evaluate the worksite. In our view, this and other proof constituted substantial evidence supporting the Board's determination of the County's status as claimant's sole employer.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.