◼ In the Matter of the Claim of MELODY MEARNS, Respondent, v SUNOCO, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 180]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 12, 2009, which ruled that claimant sustained a permanent total disability.

Claimant, an assistant manager at a convenience store, was called in to work at approximately 3:00 A.M. on October 22, 2006

following a break-in on the premises. When she arrived, she cooperated with police department personnel investigating the crime and signed a police report. Later that morning, a police officer returned to the store and falsely accused claimant of stealing a flashlight that one of the investigating officers apparently left behind. After claimant denied taking the flashlight, she was physically accosted by the officer, held against her will and handcuffed.

Immediately following the incident, claimant began experiencing panic attacks, having nightmares and became reluctant to leave her home for fear of "run[ning] into the cops." Claimant ceased working on November 15, 2006 and her subsequent claim for workers' compensation benefits was established for psychological injuries. Hearings were then held to determine the severity of claimant's disability, after which a workers' compensation law judge ruled that she was permanently totally disabled. The Workers' Compensation Board upheld that determination, prompting this appeal.

We affirm. "This Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (*Matter of Williams v Colgate Univ.*, 54 AD3d 1121, 1123 [2008] [citations omitted]). Here, although claimant's physician submitted medical records indicating that claimant sustained a permanent partial disability, he acknowledged that he did so only because he could not find an adequate definition of total psychological disability[1] within the New York Workers' Compensation Board Medical Guidelines. Indeed, during his testimony, claimant's physician clarified that claimant was totally disabled and "not psychologically capable of returning to work." An independent medical examiner who evaluated claimant at the request of the employer and its workers' compensation carrier similarly concluded that claimant suffered a total psychiatric disability.[2] To the extent that a third physician reached a contrary conclusion, the Board was empowered to resolve the conflicting medical evidence in claimant's favor (*see Matter of Altobelli v Allinger Temporary*

---

1. The physician's conclusion that claimant was permanently partially disabled was based on a section of the medical guidelines which refers specifically to physical disability.

2. This opinion was provided prior to that point in time at which claimant was deemed to have reached maximum medical improvement. However, the record makes clear that claimant's condition did not subsequently improve; while acknowledging this fact, both claimant's physician and a second physician who examined claimant on behalf of the carrier opined that claimant *had* reached maximum medical improvement.

*Servs., Inc.*, 70 AD3d 1083, 1084 [2010]). Accordingly, the Board's decision is supported by substantial evidence and we find no basis upon which to disturb it (*see Matter of Langenmayr v Syracuse Univ.*, 309 AD2d 1090, 1091 [2003]; *Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840, 840-841 [1999]).

The employer and carrier's remaining argument—pertaining to total industrial disability—is unpersuasive.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.