■ In the Matter of the Claim of KEITH WILKINS, Respondent, v NEW YORK POWER AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [922 NYS2d 577]—

---

Stein, J. 

Claimant worked as a lineman for the employer and sustained an injury in July 2007 when a winch line jumped off a drum and pulled on his shoulder. He was first examined by a physician on August 1, 2007, who diagnosed him with biceps tendonitis of the right shoulder and prescribed an anti-inflammatory and physical therapy. Claimant, who did not miss time from work as a result of the injury, declined to take the medication, discontinued physical therapy after just one session and did not follow up with his treating physician. Thereafter, in August 2008, claimant scheduled an independent medical examination and, based on a diagnosis of adhesive capsulitis of his right shoulder resulting in a 45% schedule loss of use, applied for workers' compensation benefits. After another independent medical examination sought by the employer and its workers' compensation carrier, followed by a hearing and deposition testimony of the three physicians who examined claimant, a Workers' Compensation Law Judge denied claimant's requested schedule loss of use, finding that the permanency of his injury was caused by his unreasonable refusal to undergo any treatment. Upon review, the Workers' Compensation Board reversed, finding that claimant's refusal to continue treatment was not unreasonable, and awarded a 45% schedule loss of use. The employer and its carrier now appeal.

We reverse. While ordinarily the reasonableness of refusing medical treatment is a question of fact for the Board, where the record is devoid of substantial evidence to support its conclusion, this Court will determine the issue as a matter of law (see Matter of Langford v William Rogers, Inc., 144 AD2d 785, 788 [1988]; Matter of Zanotti v New York Tel. Co., 48 AD2d 192, 193-194 [1975]). Here, the unanimous medical opinion of the physicians who examined claimant was that claimant had not yet reached maximum medical improvement that could be achieved if he were willing to undergo the recommended treatment. Moreover, an independent medical examiner opined both that a course of treatment involving medication and physical therapy involved little risk and that claimant's refusal to engage

in such treatment was unreasonable. While certain of claimant's examining physicians testified that claimant had the right to refuse treatment and/or that the failure to engage in treatment would not be harmful, none of them unambiguously testified that claimant's refusal was reasonable. Under these circumstances, where there is no actual medical conflict, the Board's determination that claimant's refusal to participate in any medical treatment was reasonable is not supported by substantial evidence and must, therefore, be reversed (*see Matter of Zanotti v New York Tel. Co.*, 48 AD2d at 193-194; cf. *Matter of Wasyluk v Webb & Knapp*, 12 AD2d 555, 556 [1960]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.