In the Matter of the Claim of LARRY EATON, Respondent, v DELLAPENNA ASSOCIATES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 366]—

Lahtinen, J.

We affirm. It is beyond dispute that "[t]his Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion" (*Matter of Mearns v Sunoco, Inc.*, 77 AD3d 1045, 1046 [2010] [internal quotation marks and citation omitted]; *see Matter of Cicciarelli v Westchester Health Care Corp.*, 86 AD3d 733, 734 [2011]). Here, claimant's treating physician, Kevin Hastings, testified that claimant has marked restrictions with respect to bending or lifting and he cannot sit, stand or walk for any constant length of time. Hastings further stated that, given, among other things, claimant's physical restrictions and the fact that his chronic pain is controlled by narcotic medications, it was his opinion that claimant was disabled from even sedentary employment, regardless of the fact that not all of these concerns were addressed by the Board's medical guidelines (*see generally Matter of Mearns v Sunoco, Inc.*, 77 AD3d at 1046). Notably, the fact that claimant testified that he had sporadic good days when the pain was not as severe does not compel a different result herein (*see Matter of Meyers v Robeson Indus.*, 210 AD2d 548, 548 [1994]). While there is no question that the record contains medical proof that could support a finding that claimant continued to suffer only a permanent partial disability (*see Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840, 841 [1999]), the Board specifically found Hastings' testimony regarding claimant's limitations and unemployability to be credible (*see Matter of Turner v Jaquith Indus., Inc.*, 73 AD3d 1405, 1405 [2010]). Inasmuch as substantial evidence exists in the record supporting the Board's decision, we find no basis to disturb it (*see Matter of Mearns v Sunoco, Inc.*, 77 AD3d at 1047).

The remaining arguments advanced by the carrier have been examined and found to be unpersuasive or rendered academic in light of the above conclusions. Contrary to the carrier's assertion, it is apparent from the Board's decision that it adopted the WCLJ's findings of fact and opinion following an independent review of the record and applied the correct standard of

review (*see Matter of Webb v Cooper Crouse Hinds Co.*, 62 AD3d 57, 59 [2009]; *Matter of Bonner v Brownell Steel, Inc.*, 57 AD3d 1329, 1329 [2008]).

Mercure, A.P.J., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.