Peters, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed November 1, 2012, which ruled that claimant sustained a permanent total disability.
Claimant worked as an aviation overhaul mechanic and, in September 2008, was injured when a fire extinguisher exploded and struck him in the head. He thereafter applied for workers’ compensation benefits and was found to be temporarily totally disabled due to work-related injuries to his head, face, left arm and right wrist, as well as consequential depression. A dispute arose as to the permanency and degree of his cognitive impairments and, following hearings, a Workers’ Compensation Law Judge expanded the claim to include a left eye injury, traumatic brain injury and encephalomalacia. The Workers’ Compensation Law Judge further credited medical evidence that claimant had sustained a permanent total disability as a result of those injuries. Upon review, the Workers’ Compensation Board affirmed. The employer and its workers’ compensation carrier now appeal.
We affirm. There is no question that “[t]his Court accords great deference to the Board’s resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert’s opinion” (Matter of Williams v Colgate Univ., 54 AD3d 1121, *1303 1123 [2008] [citations omitted]; see Matter of Eaton v Dellapenna Assoc., 91 AD3d 1008, 1009 [2012]). Claimant’s treating neurologist, Scott McWilliams, testified that claimant’s brain injuries hampered his ability to function in social interactions and impaired both his memory and his executive function. McWilliams further opined that claimant’s physical and mental deficits were totally disabling and that, given their severity and the lack of any substantive improvement in them despite the passage of several years, they were permanent in nature. While a physician who performed an independent neurological and psychiatric examination categorized claimant’s disability as mild and saw potential for cognitive improvement, the Board rejected that opinion, noting that even that physician found claimant incapable of performing any mentally demanding work (see Matter of Caezza v Via Health, 111 AD3d 1033, 1034 [2013]; Matter of Eaton v Dellapenna Assoc., 91 AD3d at 1009). Substantial evidence thus supports the Board’s decision and, as such, we perceive no basis upon which to disturb it (see Matter of Eaton v Dellapenna Assoc., 91 AD3d at 1009; Matter of Meyers v Robeson Indus., 210 AD2d 548, 548 [1994]).
Lahtinen, Garry and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.