■ In the Matter of the Claim of BERNARD HOGAN, Respondent, against WELDMASTER COMPANY et al., Respondents, and JAMES A. COMYNS CONTRACTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer-carrier from a decision and award of the Workmen's Compensation Board wherein it was found that claimant sustained an industrial accident on October 28, 1953. Claimant in 1945 sustained a compensable back injury resulting in the tearing of the annulus or cartilage. Thereafter he was in the armed services and following his discharge, worked for several different employers prior to October, 1953. He had back trouble from time to time while in service and subsequently claims for compensation were made in his behalf against some intervening employers and which at the time of the decision herein were still pending and undecided. Under such circumstances and while working for the employer-appellant herein in October, 1953, he was operating a bulldozer when "All of a sudden * * * [he] felt severe pain in [his] back and both legs". The record is barren of any unusual or different circumstances than that of his usual position of sitting in a seat driving the bulldozer. The board has found the event to be an industrial accident and directed the carrier to pay its proportionate share of an apportionment as set forth in the decision. The medical testimony established the original 1945 injury as being a severe back strain and fracture of the cartilage of the intervertebral disc (a tearing of the annulus) which condition was the primary trouble and that each of the additional incidents between that date and 1953 added a little more to the tear of the annulus. He also testified that the physical condition from which he suffered subsequent to October, 1953 was a result of all of these incidents, both while in the Navy and working thereafter. He said "driving a truck" would bring on the symptoms and the average stress and strain of everyday activities would cause recurrence. Our concern on this appeal is whether the incident in October, 1953, while driving a bulldozer, constituted an industrial accident. We think there was no basis for the finding by the board of "repeated trauma to an already injured back culminated in the accident of October 28, 1953". Back injury cases should be in a category of their own because, once injured, there is the ever-present danger of recurrence and the question then arises as to whether the subsequent incident was a new accident, an aggravation or as testified to herein, an incident associated with the primary injury. The nature of the injury and the resultant pathology is distinguishable from the uncertainty that permeates heart cases "but even then the happening of some external event in connection with the work and causing the heart condition has been required ". (*Matter of Lesnik* v. *National Carloading Corp.*, 285 App. Div. 649, 651.) Several back injury cases have been mentioned by the parties hereto as

558

precedents for their respective contentions. In *Matter of Giordano* v. *Hudson Dairy Co.* (6 A D 2d 936) a milkman, carrying eight quarts of milk, while getting out of his truck, stepped off the curb when he experienced pain to an already injured back, which required him to wear a brace. The facts, which were found to establish an accident, are distinguishable as there the claimant was in motion, using his legs and back and the medical is distinguishable as the diagnosis following the injury was he suffered from a herniated interverterbral disc, which had not been conclusively established prior, thus indicating a new physical condition. Somewhat analogous but different from the present facts is the *Matter of Scavo* v. *D'Aprile, Inc.* (7 A D 2d 679). In *Matter of Daniels* v. *Costick & Son* (4 A D 2d 896), a new accident was found when claimant suddenly applied brakes to a heavy truck and where there was, at least, some pressure on the foot, leg and back muscles. In *Matter of Parks* v. *De Franco* (4 A D 2d 904) "unloading cases of beer", the matter was remitted on the question of aggravation, the court finding "there was no substantial proof of a second accident." All of these cases are based upon the peculiar facts found therein and distinguishable from the present factual situation where there is no showing of any physical act or exertion by claimant. It may well be that some of the incidents between 1945–1953 will develop facts sufficient to establish an accident. Upon remission, a further examination should be made as to all of these incidents and their association, if any, with the condition following the October, 1953 incident. (See *Matter of Engle* v. *Niagara Mohawk Power Co.*, 6 A D 2d 631, affd. 6 N Y 2d 449.) There has been a failure on the present record to establish the happening of an accident within the contemplation of the Workmen's Compensation Law while working on the bulldozer in October, 1953. Under the present liberal interpretation of the Compensation Law, it does not require too much to establish an industrial accident. We do not preclude the further development of fact associating the physical condition with a specific accidental act. Decision and award reversed and matter remitted, with costs to the appellants against the Special Fund for Reopened Cases. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.