In the Matter of the Claim of GERALD BRITTON, Respondent, v. RUBEROID COMPANY et al., Appellants, and A. O. SMITH CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Ruberoid and its carrier from decision of the Workmen's Compensation Board which found them partly liable for compensation payments to claimant. The claimant sustained injuries to his back on July 21, 1953 and March 30, 1954 while working for A. O. Smith Corp., respondent herein. Subsequently, while working for the appellant Ruberoid on June 12, 1955 and on December 8, 1955, he allegedly sustained further back injuries. The Referee determined the subsequent injuries were all associated with the original injury of July 21, 1953 but, on review, the board

modified that decision and found the disability was causally related to each of the accidents and assessed 25% against each. The claimant testified at considerable length to the various happenings to his back commencing in 1953 and culminating in December, 1955. He was asked on cross-examination: " Q. And after the December [1955] incident both legs were much worse? A. And my neck and arms, upper back, lower back." While there was some variance as to the medical reports filed, the record supports the factual finding of a fourth accident and medically that each accident caused further complaints relating to his back condition. One of the doctors stated that all of the incidents were incidental and that he could not say that any one of them was entirely responsible for the complaints of the claimant following the December, 1955 incident. In a recent case, *Matter of Hogan* v. *Weldmaster Co.* (11 A D 2d 557) we discussed back injury cases and the difficulty which arises as to whether subsequent incidents are new accidents or aggravations associated with the primary injury and the category applicable is usually governed by the factual situation in the individual cases. Here, while the fourth accident (Dec. 8, 1955) was not reported by the claimant as such, he was never thereafter able to return to his work, except for one day, of which the employer had knowledge and his testimony as to accident and resulting physical complaints amply supported the findings of the board. If there is substantial evidence to support such factual findings, the determination of the board is final. (*Matter of Palmero* v. *Gallucci*, 6 A D 2d 911, affd. 5 N Y 2d 529.) Decision and award of the Workmen's Compensation Board unanimously affirmed, with costs to the respondent A. O. Smith Corp. and Employers Mutual Liability Insurance Company against the appellants.