■ In the Matter of the Claim of SALVATORE MAIELLO, Respondent, v. ELECTRA SUPPLY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board excusing claimant's late filing of his compensation claim (Workmen's Compensation Law, § 18). In January of 1971 claimant, a shipping clerk, allegedly sustained a herniated disc while lifting a roll of wire at work. His claim for compensation was not, however, initiated until August 15, 1971, well beyond the 30 days allotted by section 18 of the Workmen's Compensation Law. The board excused the statutory notice requirement and permitted the claim to be filed on the grounds that " claimant did not realize the extent of the injury, diagnosed as a pulled muscle, and that he notified the employer when the condition worsened and he realized its seriousness." This finding is clearly supported by the instant record and thus the board's determination must therefore be affirmed (*Matter of Clemens* v. *Allegheny Ludlum Steel Corp.*, 25 A D 2d 899, mot. for lv. to app. den. 18 N Y 2d 578). Prejudice to the employer is not an issue when, as here, the delay was excused (*Matter of Clemens* v. *Allegheny Ludlum Steel Corp., supra*; cf. *Matter of Zraunig* v. *New York Tel. Co.*, 32 A D 2d 686). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of SIDNEY ARONOWITZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed July 3, 1973, which reconsidered a prior decision and sustained an initial determination of the respondent disqualifying the claimant from receiving benefits because he voluntarily left his employment without good cause. The record establishes that the claimant left his employment voluntarily and for the sole purpose of receiving retirement benefits from his Federal employer, the Postal Service. We recently passed on this precise question and held that such retirement was, as a matter of law, one " with good cause " (*Matter of Fisher* [*Levine*], 43 A D 2d 753). The decision, therefore, must be reversed. Decision reversed, without costs. Cooke, Sweeney, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum. Herlihy, P. J. (dissenting). I adhere to my dissent in *Matter of Fisher* (*Levine*) (43 A D 2d 753) and add the following comment: Under no circumstances should the claimant be required to make repayments of the unemployment insurance benefits received by him prior to July 3, 1973.