■   In the Matter of FRANCESCO CURATOLA, Respondent, v BOULEVARD GARDENS HOUSING CORPORATION et al., Appellants. WORKMEN'S COMPENSA-TION BOARD, Respondent.—Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 16, 1973, as amended by a supplemental decision, filed June 27, 1974, which found that the claimant sustained causally related injuries to his back in the course of his employment on February 7, 1971, and excused his failure to give notice to the employer within 30 days pursuant to section 18 of the Workmen's Compensation Law. In both the original decision and the deci-sion as amended, the board adopted the claimant's testimony that, on February 7, 1971, the claimant had been engaged in breaking a concrete sidewalk with a 16-pound sledge hammer and removing such pieces from a certain area, when he felt a pain in his back. The appellants did not contest the fact that the claimant had performed such work activities on or about the date alleged. Thereafter, the claimant consulted with two doctors who, either because of a lack of questioning or because they were unable to sufficiently understand the claimant who spoke no English, did not receive a history from him of having suffered pain while engaged in the February, 1971 work activities. The claimant's pain persisted until it reached a point where he consulted a Dr. Baviello on October 8, 1971 who tentatively diagnosed a herniated disc, which finding was thereafter confirmed by a Dr. Kurzner who first treated the claimant on October 14, 1971 and thereafter submitted progress reports to the Workmen's Compensation Board which indicated causal connection. The record establishes that, on October 18 or 19, 1971, the claimant had reported the accident to his employer. Upon the foregoing record the board can properly excuse the late filing upon the ground that the claimant notified the employer as soon as he was made aware of the causal connection between the pain and the work activity. (See

*Matter of Maiello v Electra Supply Co.,* 43 AD2d 779.) The record contains a report by a Dr. Post which unequivocally recites that there was causal connection between the claimant's disability and the incident of February, 1971. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.