■ In the Matter of the Claim of GORDON B. ADAMS, Respondent, v ROCHESTER PRODUCTS DIVISION, GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 14, 1974, as modified by its amended decision, filed April 3, 1975, which made a schedule award to the claimant for occupational loss of hearing, and excused his failure to give notice to the employer within 30 days, pursuant to section 18 of the Workmen's Compensation Law. Claimant retired from his employment of 23 years with appellant on June 30, 1971 and filed a claim for compensation benefits on December 20, 1972 stating that he had sustained a loss of hearing from noises over a long period of time while working in his employer's plant. The record establishes that the filing of the claim was prompted by a letter received by the claimant from a representative of his labor union advising him that if he had sustained any loss of hearing due to exposure to noise during his employment, he would be entitled to compensation benefits, and also advising claimant of the statutory time limitations for making a claim based upon loss of hearing; that claimant thereupon filed a claim for compensation and forwarded a copy of the claim to his employer within approximately a week or two following receipt of the letter. Claimant testified that he was not aware of the fact that he would be entitled to compensation for loss of hearing until he received the letter from his union; that he never received any medical treatment for his hearing; that he was checked by a doctor for a hearing aid about three months after he retired but had no treatment of any kind. A report of Rochester Otolaryngology Group made by Dr. Trainor, dated February 26, 1973 states that claimant had noticed a hearing loss after approximately 10 years of his 23 years of employment, and concluded that claimant had a binaural loss of hearing of 46% which was causally related to his exposure to noise in his occupation. A schedule loss award was made to claimant for a binaural loss of hearing of 46%. Upon this record, the board can properly excuse the late filing upon the ground that claimant was unaware of the seriousness and extent of his condition, and that it was causally related to his occupation, and that as soon as he was made aware of the causal connection between his loss of

hearing and his occupation, he sought medical attention and filed a claim for compensation. (*Matter of Curatola v Boulevard Gardens Housing Corp.,* 48 AD2d 717; *Matter of Maiello v Electra Supply Co.,* 43 AD2d 779; *Matter of Clemens v Allegheny Ludlum Steel Corp.,* 25 AD2d 899, mot for lv to app den 18 NY2d 578.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.