■ In the Matter of the Claim of ROBERT J. KENNY, Respondent, v COUNTY OF NASSAU, Appellant, and COMMANDER OIL CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 17, 1975, which ruled that claimant sustained a compensable injury as a result of an industrial accident on April 19, 1972. Claimant was employed as an equipment operator by appellant, self-insured employer, when, on April 19, 1972, he allegedly aggravated a pre-existing back condition while operating a jackhammer. In January of 1973 he filed a claim for compensation benefits arising out of the alleged accident which was controverted by appellant, and following a hearing, a referee disallowed the claim on the ground that claimant had not shown that he suffered "a new and separate accident and/or injury" in 1972 apart from his earlier back injuries in 1965 and 1966. By a 2 to 1 vote, the board reversed the referee's decision, however, and found that claimant suffered an injury to his back as a result of the jackhammer incident, that he notified appellant of the accident the same day by reporting the incident to his foreman, and that his resultant disability was causally related. As a consequence, the claim was restored to the referee's calendar, and claimant was granted a compensation award without prejudice to apportionment thereof between appellant and the employers involved in claimant's two earlier back accidents. On this appeal, appellant argues that the board's determination that claimant suffered a compensable injury on April 19, 1972 is not based upon substantial evidence in the record as a whole. We disagree. Although the allegation that claimant sustained an industrial accident in April of 1972 is supported primarily by claimant's own testimony and appellant contested claimant's version of what actually occurred, this conflict only presented questions of fact involving contradictory testimony and the credibility of witnesses which are for the board to determine (Workmen's Compensation Law, § 20; *Matter of Slade v Perkins,* 42 AD2d 667). As for the board's additional finding of a causal relationship between claimant's operation of the jackhammer and his resultant disability, there is substantial evidentiary support therefor in the unequivocal medical reports submitted by Dr. Leonard Weiss (Workmen's Compensation Law, § 21, subd 5; *Matter of Curatola v Boulevard Gardens Housing Corp.,* 48 AD2d 717). Defendant's further contention that claimant did not comply with the notice requirements of the Workmen's Compensation Law is similarly without merit. The board's finding that appellant was notified of the accident on the day of its occurrence by claimant's report to his foreman has ample support in the record, and said report rendered written notice to appellant unnecessary (see Workmen's Compensation Law, § 18). Decision affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.