■ In the Matter of the Claim of BLANCHE CARBONE, Respondent, v RICHMOND HOME NEEDS SERVICES CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed December 22, 1978 and March 23, 1979. Claimant was employed as a health aide by Richmond Home Needs Services on September 12, 1973. On that day she was working in the home of a disabled person performing her regular duties, which included house cleaning. She testified that while using a faulty vacuum cleaner, which required her to bend over, she felt a pain in her back. Although she had some discomfort after this incident, she finished her day's work. When she awoke the next morning, she could not move. She then called the employer's office and spoke to a supervisor, Mrs. Lanning, to advise her that she had to see a doctor about pain in her back. On September 13, 1973, claimant went to see her doctor, complaining of pains in her back all the way down to her left leg. Claimant subsequently underwent surgery for a herniated disc early in 1974 and was released from the hospital on March 27, 1974. On November 22, 1974, she filed a claim for compensation, alleging that she had injured her back while working on September 12, 1973. The claim was controverted. At the hearing, Mrs. Lanning testified that claimant had not reported any illness which required a doctor's care and that her first knowledge that claimant was under a doctor's care came when claimant called her from the hospital in 1974. She also testified that she had called claimant to ask her to come in to see Mr. Pistelli, the executive director, with regard to an unrelated incident, but she could not remember whether the call was made on the evening of September 12 or September 13, 1973. James Pistelli testified that all employees had been advised as to procedures to be followed in the event of injury. Mrs. Lanning testified that any employee in the field who is injured is to report to her at the office and give her the information of how the injury happened, and they are advised to see a doctor and bring a full report back to her. Claimant was treated by several doctors, but she did not advise any of them that the injury was work connected. She testified that she did not know how to proceed and that the employer did not provide any forms. On August 5, 1976, the referee found "after reviewing the entire record in the case, I find on the weight of the credible evidence, accident, notice and causal relationship for the back." On review, the board, on December 22, 1978, found "that claimant sustained an accidental injury to her back arising out of and in the course of employment on September 12, 1973, while using a vacuum cleaner, and her disability is causally related to such accidental injury and that the claimant did give oral notice of such injury to her employer." Subsequent to the filing of the notice of appeal, the board, on March 23, 1979, amended the last line of its December 22, 1978 decision by substituting the following, "that oral notice of injury was given by the claimant to Mrs. Lanning and Mr. Pistelli on September 13, 1973 and, relying on *Teague v. Rockville Reconditioning Center, et al.,* although the claimant failed to give written notice, the employer received notice on the day of injury, and therefore written notice is excused." Appellants contend that the board's finding that claimant sustained an accident arising out of and in the course of employment is not supported by substantial evidence, and that the board's finding that claimant's failure to give written notice to the employer was properly excused is not supported by substantial

evidence. The failure of claimant to give a history to her doctors is not fatal to a finding of an accident (Matter of Luftig v Stevenson Pie Co., 23 AD2d 920, affd 18 NY2d 734). Although claimant failed to give written notice as provided in section 18 of the Workers' Compensation Law, it was within the province of the board to resolve the issue of whether claimant had given oral notice of the accident in claimant's favor, and it was, therefore, within the discretion of the board to excuse the absence of written notice (Matter of Teague v Rockville Reconditioning Center, 61 AD2d 874). Decisions affirmed, with costs to the Workers' Compensation Board, against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.