◼ In the Matter of the Claim of KATHLEEN McENANEY, Respondent, v MEMORIAL HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed March 23, 1979 and June 21, 1979, as amended December 19, 1979. Claimant was employed as a clinical instructor of staff nurses at Memorial Hospital in New York City. On December 19, 1975 she injured her back while assisting other nurses in lifting a patient. Although there were some immediate symptoms, she continued to work and did not seek medical attention until April of 1976, when she was admitted to the New York Hospital. At that time, she allegedly advised her supervisor that the injury was due to a work-related accident, but no finding to that effect was made by the board. After a laminectomy was performed in September of 1976 at Memorial Hospital, claimant filed an application for compensation benefits on March 28, 1977. Thus, over 15 months elapsed before written notice of injury was given to the employer. The only issue raised on this appeal is whether claimant's failure to give timely notice as required by section 18 of the Workers' Compensation Law was properly excused by the board. In its initial decision, the board found that "claimant gave notice as soon as she had knowledge of the nature and extent of the injury therefore timely notice was given." The later amendment found that "the employer was not prejudiced by claimant's failure to give timely notice as the claimant got prompt medical treatment when she realized that she had an injury and the employer was not hindered in preparing its case". The original finding of ex-

cuse does not rest or depend on the absence of prejudice to the employer and, if supported by substantial evidence, must be upheld (cf. *Matter of Maiello v Electra Supply Co.*, 43 AD2d 779). The record discloses that claimant was not provided with a definite diagnosis of her condition in the course of her first hospitalization and, since the second hospitalization occurred where she worked, we detect no error in the board's ultimate conclusion. The subsequent amendment, although based on a different theory of excuse (see *Matter of Coyle v Morningside House of St. Luke's Home,* 59 AD2d 819) is also supportable inasmuch as claimant continued to work for the same employer throughout the period of delay and her medical records were readily available to it. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.