■ In the Matter of the Claim of ANTHONY DI SIMONE, Respondent, v UNDERWRITERS ADJUSTING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 13, 1982. On September 3, 1971, claimant, while in the course of his employment as an insurance adjustor, sustained a compensable low back injury when loading a heavy briefcase into his automobile. After being totally disabled for some seven weeks, claimant returned to work. He continued, however, to experience intermittent flare-ups of back pain, usually upon physical activity. In 1973, the low back pain was such as to require claimant's confinement to bed for two weeks. On June 11, 1977, shortly after placing a package in his car, claimant, who was then self-employed, again felt pain in his back. His condition gradually worsened until a laminectomy and fusion surgery were performed. At claimant's request, his file was reopened and restored to the referee calendar for the purpose of considering whether the surgery and disability he suffered after June 11, 1977 were compensable because they were due solely to the 1971 accident. The board rejected a referee's decision that 60% of claimant's disability was attributable to a "new accident" on June 11, 1977 and found instead a direct causal relationship between the 1971 accident and claimant's 1977 difficulties. In doing so, the board relied upon the testimony of Dr. Wilson, which characterized claimant's continuing back problems, including those of 1977, as recurrences of injuries sustained in the 1971 accident. Since the board's determination is supported by substantial evidence, we affirm. The board's expertise in delimiting what events are accidents and what events merely constitute exacerbation of prior injuries must be respected if there is ample evidentiary support for the finding (see *Matter of Loh Lin v Burroughs Corp.*, 75 AD2d 702, mot for lv to app den 50 NY2d 805). Here, three doctors who had treated claimant characterized his 1977 pain and symptoms as "recurrences" or "re-exacerbations". The contrary testimony of appellants' doctor-consultant simply created a conflict in medical testimony which the board was free to resolve (*Matter of Currie v Town of Davenport*, 37 NY2d 472, 476). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.