■ In the Matter of the Claim of RAFFAEL PARMENTER, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 29, 1982, as amended by a decision filed April 11, 1983, which excused claimant's failure to give timely notice of accident. The board has found that claimant injured her right ankle on October 16, 1979 when she stepped into a hole in the company parking lot, but that she did not give notice to her employer until November 26, 1979 after she had received medical treatment for the first time. Failure to comply with the 30-day written notice of accident requirement (Workers' Compensation Law, § 18) was excused on the ground that she notified her employer as soon as she had knowledge of the nature and extent of her injury, requesting that a written report thereof be filed. As a further excuse, the board found that the employer had actual notice and knowledge of claimant's injury, since she continued to perform her duties in spite of an obvious disability. Thus, the board determined that there was a lack of any prejudice to the employer (see *Matter of McEnaney v Memorial Hosp.*, 80 AD2d 689, mot for lv to app den 53 NY2d 606; *Matter of Teague v Rockville Reconditioning Center*, 61 AD2d 874). Since the board accepted the course of events as testified to by claimant, we find substantial evidence to support its decision (*Matter of Celli v New York Tel. Co.*, 61 AD2d 1063). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.

■ In the Matter of the Claim of RONALD BURROUGHS, Respondent, v GOSHEN PUBLIC SCHOOL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 24, 1982. Claimant, an industrial arts teacher, sustained a compensable injury to his left eye on June 22, 1976 when he was hit by a softball. This injury, diagnosed as a traumatic cataract, rendered claimant industrially blind in his left eye. In 1978, claimant was given a 100% schedule award for loss of use of the left eye. The carrier appealed to the board, contending that the award was premature as claimant's vision might be capable of improvement through surgery. In due course, the board rescinded the award, ordered that claimant be examined by an impartial specialist and restored the case to the Trial Calendar. After hearing testimony from claimant and three ophthalmologists the administrative law judge reinstated the prior award. Upon the carrier's appeal, the board unanimously affirmed the administrative law judge's determination, concluding that claimant's refusal to undergo eye surgery because of problems which could ensue was reasonable. This appeal by the carrier and employer ensued. In their sole argument upon appeal, the employer and carrier contend that claimant's refusal to undergo surgery is unreasonable as a matter of law. In this regard, it is well established that the board's determination as to the reasonableness of claimant's refusal to undergo surgery is a factual finding and, accordingly, if the finding is supported by substantial evidence in the record, it cannot be disturbed by this court (*Matter of Messina v Speranza*, 79 AD2d 807). A review of the record indicates that the board's determination is supported by substantial evidence. The decision must, therefore, be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.