◼ In the Matter of the Claim of THEODORE VOIGHT, Respondent, v ROCHESTER PRODUCTS DIVISION, GMC, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 1985, as amended by decision filed September 26, 1985.

On May 23, 1981, claimant, whose 12-hour shift was to end at 8:50 P.M., left work at 5:30 P.M. in order to pick up a suit at the cleaners to wear at a wedding that evening. Finding the gate at his usual exit route locked and unattended and because the front gate was too far away, claimant climbed the 10-foot fence and, in the process, injured his right ankle. His first report of the injury was in September 1981 when he told the plant nurse, who neither treated the ankle nor restricted his work duties. In November 1981, he reinjured the ankle in a fall while working, but did not return to the plant nurse until February 3, 1982. The nurse recommended physiother-

apy, but again did not restrict his duties. Finally, in May 1982, claimant consulted his doctor who diagnosed a "definite antero-lateral laxity suggesting instability of the ankle joint" and filed a request for authorization for prescribed surgical treatment which was performed September 10, 1982. The employer controverted the claim on the grounds that the fall occurred outside the scope of the employment and claimant failed to give timely notice of the accident as required by Workers' Compensation Law § 18. In reversing the hearing officer's decision, the Workers' Compensation Board determined that "the closed gate became a hazard of the employment" and that claimant's injury occurred while still in the course of his employment. The Board further excused the failure to give timely notice because claimant did not realize the seriousness of the injury when it occurred. The self-insured employer has appealed.

Under the Workers' Compensation Law, fault of the respective parties has no bearing on the basic test of coverage (see, Matter of Granger v Urda, 44 NY2d 91, 97). Instead, with limited exception, the sole inquiry is whether the injury arose out of and in the course of employment (see, Workers' Compensation Law §§ 10, 21). One's employment certainly contemplates both an entry upon and departure from the employer's premises (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145). "The course of employment has been held to include a reasonable amount of time for the employee to leave the employer's premises after ceasing actual work" (Matter of Grimaldi v Shop Rite Big V, 90 AD2d 608). Unlike cases turning upon whether an accident occurred while traveling to or from work in which coverage has generally been denied (see, Matter of Greene v City of New York Dept. of Social Servs., 44 NY2d 322, 325; Matter of Barnard v Lockport Union Sun & Journal, 92 AD2d 663, lv denied 60 NY2d 552), here the accident occurred on the employer's premises. Whether a specific activity is within the scope of employment rather than purely personal depends on whether the activity is both reasonable and sufficiently work-related under the circumstances (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249). "The determination of what is reasonable activity and what is unreasonable, and thus a deviation, is factual and the Board is afforded wide latitude in deciding whether the employee's conduct is disqualifying" (id.).

The Board considered the record in its entirety and found that the choice of exit method and the reasons offered for such choice were such that claimant remained in the course of

employment. The Board further found that the actions were not so egregious or extreme as to constitute a deviation from employment and thus remove him from the context of his employment relationship. In our view, the Board's determination that claimant had not deviated from the course of his employment at the time of the accident is supported by substantial evidence and, thus, conclusive *(see, Matter of Capizzi v Southern Dist. Reporters,* 61 NY2d 50, 54; *Matter of Gates v McBride Transp.,* 60 NY2d 670).

We similarly find that it was within the province of the Board to excuse claimant's failure to timely file written notice of the accident *(see,* Workers' Compensation Law § 18; *Matter of Carbone v Richmond Home Needs Servs. Corp.,* 74 AD2d 668). This finding of excuse does not rest on the absence of prejudice to the employer and, if supported by substantial evidence, must be upheld *(Matter of McEnaney v Memorial Hosp.,* 80 AD2d 689, *lv denied* 53 NY2d 606). From the testimony in the record, the Board could reasonably find that claimant notified the plant nurse as soon as he realized the severity of the injury and that he sought medical care when treatments suggested by the nurse proved ineffective. Under these circumstances, we find substantial evidence to support the Board's decision *(see, Matter of Parmenter v New York Tel. Co.,* 98 AD2d 891).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.