■ In the Matter of the Claim of JOHN F. MALONEY, Respondent, v REYNOLDS METAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed June 4, 1987.

On June 15, 1983, after finishing work, claimant and a coemployee left the employer's parking lot in claimant's

pickup truck traveling on the employer's private roadway running from the parking lot to the intersection of South Grasse River Road and St. Lawrence County Route 128. While attempting to pass the vehicles proceeding ahead of him, claimant lost control of the truck and overturned, coming to rest across the aforesaid intersection. Claimant sustained serious injuries. The Workers' Compensation Board, in reversing the decision of the Workers' Compensation Law Judge, held that "claimant's vehicle while still on the employer's property had its wheels go onto a soft shoulder and the vehicle went over resulting in injury to the claimant; further the Panel finds that the soft shoulder of the road on employer's property was a special hazard and the claimant's injuries were due to an accident out of and in the course of employment". The employer and its workers' compensation insurance carrier appeal.

There must be an affirmance. The record substantiates that the accident occurred on the employer's private roadway, which was the sole route of ingress to and egress from the employer's parking lot. This was sufficient to qualify the accident as an incident and risk of employment, which certainly includes the departure from an employer's premises *(see, Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140; *Matter of Voight v Rochester Prods. Div.,* 125 AD2d 799, 800). Even accepting the employer's assertion that the accident occurred on a segment of the roadway recently paved by the county and ostensibly under municipal control, claimant was clearly within the "precincts of employment" and thus entitled to compensation *(see, Matter of Marquette v New York Tel. Co.,* 122 AD2d 479, 480). Moreover, the Board could properly characterize the soft shoulder on the roadway (which contributed to the accident) as a special hazard *(see, Matter of Husted v Seneca Steel Serv., supra,* at 145; *Matter of Jacobs v Dellwood Foods,* 130 AD2d 848, 849, *lv denied* 70 NY2d 608). Finally, claimant's contributory negligence has no bearing on the basic test of coverage *(see, Matter of Merchant v Pinkerton's Inc.,* 50 NY2d 492, 495; *Matter of Voight v Rochester Prods. Div., supra,* at 800-801). In our view, the Board's determination is supported by substantial evidence and is thus conclusive.

Decision affirmed, with one bill of costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.