■ In the Matter of the Claim of VILMA PETERS, Appellant, v PUTNAM HOSPITAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed June 22, 1987, which ruled that claimant did not give timely notice of injury and denied her claim for workers' compensation benefits.

Claimant, a nurses' aide, injured her back on September 28, 1984 while lifting a patient. She continued to work and did not report the injury to her employer until after being informed of the seriousness of her injury subsequent to an X ray and examination by her physician on November 16, 1984. An initial claim for workers' compensation benefits was filed on December 5, 1984 claiming injury on November 26, 1984, followed by a second claim on January 16, 1985 with the correct date of injury as September 28, 1984. The Workers' Compensation Board disallowed the claim for lack of timely notice to the employer and claimant has appealed.

We reverse. Written notice of a compensable injury must be given within 30 days of the accident to the employer (Workers' Compensation Law § 18). However, that same statute provides that late filing may be excused "on the ground that notice for some sufficient reason could not have been given, or on the ground that the employer * * * had knowledge of the accident * * * or on the ground that the employer has not been prejudiced thereby" (Workers' Compensation Law § 18).

Under similar circumstances we have held that late notice will be excused if a claimant was not aware of the seriousness or causal connection of an injury to employment, without regard to a consideration of whether there is possible prejudice to the employer (see, Matter of McEnaney v Memorial Hosp., 80 AD2d 689, lv denied 53 NY2d 606). Accordingly, the matter should be remitted to the Board for a determination of the merits of the claim.

Decision reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.