■ JOANNE LAWLER et al., Appellants, v WARREN E. DONNELLY, Respondent, et al., Defendant. [655 NYS2d 83] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered February 8, 1996, as granted the motion of the defendant Warren Donnelly for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joanne Lawler was injured when she slipped on ice in the driveway of her employer, Marketrac, Inc., a small corporation operated out of a private home. The plaintiffs sued, *inter alia*, Warren Donnelly, who owned the premises, but who was also the Secretary/Treasurer of Marketrac.

The court properly granted Donnelly's motion for summary judgment on the ground that the action against him was barred by the Workers' Compensation Law (*see, e.g., Heritage v Van Patten*, 59 NY2d 1017). Contrary to the plaintiffs' contention, Donnelly's duty as a coemployee is coextensive with his duty as a homeowner with respect to maintaining a safe driveway for the plaintiff (and others) to come and go from his office/home (*see, e.g., Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140; *Blach v Glabman*, 234 AD2d 328; *Matter of Maloney v Reynolds Metal*, 141 AD2d 948; *Matter of Voight v Rochester Prods. Div.*, 125 AD2d 799; *cf., Groark v Miller*, 48 AD2d 539). In the words of Heritage and its progeny, "[r]egardless of his

status as owner of the premises where the injury occurred [Donnelly] remains a coemployee [in his relations] with the injured plaintiff in all matters arising from and connected with their common employment" (*Druiett v Brenner*, 193 AD2d 644, 645; *see also, Blach v Glabman, supra; Amelco v Berk*, 199 AD2d 448).

We find no merit to the plaintiffs' remaining contention. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.