In the Matter of the Claim of Toni Walker, Respondent, v Greene Central School District, Appellant. Workers' Compensation Board, Respondent. [774 NYS2d 848]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 14, 2003, which, inter alia, ruled that claimant sustained a compensable injury.

Claimant, an elementary school teacher, injured her knee while volunteering as a stage hand for a high school play that was produced, supervised and performed on property owned by her self-insured employer. The employer contested claimant's bid for workers' compensation benefits on the grounds that it had not received adequate notice pursuant to Workers' Compensation Law § 18 and, further, that claimant's voluntary participation in the play was not sufficiently work-related to establish a compensable claim. Following several hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim after determining that claimant's oral notification of her injury on the day of the accident, given to play director Margaret Smith, did not constitute proper notice under Workers' Compensation Law § 18. The WCLJ further noted that the employer was not actually notified of claimant's accident until more than three months after its occurrence, when claimant informed the employer's account clerk of the incident and requested to fill out an accident report. The Workers' Compensa-

tion Board reversed, concluding that claimant's oral notification to Smith was sufficient and determining that the employer's involvement with the play rendered it a covered event under the Workers' Compensation Law. The employer appeals.

We affirm. The Board's determinations in regard to the sufficiency of claimant's oral notice, as well as its disagreement with the WCLJ as to the credibility of claimant's testimony, were within its exclusive province and we decline to disturb it (*see Matter of Schley v North State Supply,* 309 AD2d 1092, 1093 [2003]; *Matter of White v Dean's Food & Vegetable Co.,* 288 AD2d 649 [2001]; *Matter of Carbone v Richmond Home Needs Servs. Corp.,* 74 AD2d 668, 669 [1980]; *Matter of Kenny v Nassau County,* 58 AD2d 696, 696 [1977]). We also conclude that the Board properly found a causal relationship between claimant's employment and her injury (*see Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249 [1986]; *Matter of Tedesco v General Elec. Co.,* 305 NY 544 [1953]; *Matter of Pedro v Village of Endicott,* 307 AD2d 598, 599 [2003], *lv dismissed* 1 NY3d 546 [2003]).

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.