■ In the Matter of the Claim of JAN PISAREK, Respondent, v UTICA CUTLERY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 623]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 13, 2004, which ruled that claimant gave timely notice of his injury to his employer.

The employer and its workers' compensation carrier bring this appeal challenging the Workers' Compensation Board's decision that claimant notified his employer of his injury in a timely fashion pursuant to Workers' Compensation Law § 18. We affirm.

Initially, we reject the Board's contention that this appeal has

been improperly taken from an interlocutory decision. It is true that decisions which neither dispose of all substantive issues nor reach a potentially dispositive threshold legal issue are not appealable (*see Matter of Reese v Advanced Empl. Concepts*, 15 AD3d 760, 761 [2005]; *Matter of McDowell v LaVoy*, 59 AD2d 995 [1977]). However, inasmuch as the timeliness of claimant's notice to the employer is an issue which could possibly resolve this case (*see e.g. Matter of Pawlak v Ford Motor Co.*, 19 AD3d 831, 831-832 [2005]; *Matter of Miner v Cayuga Correctional Facility*, 14 AD3d 784, 785 [2005]; *see also Matter of Carpino v Treasure Chest Rest.*, 65 NY2d 782, 783 [1985]), prompt review of the issue is warranted.

Moving to the merits, the record reveals that claimant, who does not speak English, testified that he orally informed his supervisor, via a translation from a coworker, about the accident on the day that it occurred. Claimant further testified that, as a result of this notice to his supervisor, he was warned to be careful and assigned to light duty. Accordingly, recognizing that resolution of the sufficiency of a claimant's oral notice is a matter within the exclusive province of the Board (*see Matter of Walker v Greene Cent. School Dist.*, 6 AD3d 965, 966 [2004]; *Matter of White v Dean's Food & Vegetable Co.*, 288 AD2d 649, 649 [2001]), we find that substantial evidence supports the Board's factual determination that claimant adequately notified his employer of his injury. To that end, we note that the Board was free to discount the conflicting testimony offered by the employer's safety director (*see Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]), and it could permissibly conclude the oral notice sufficient in lieu of the otherwise statutorily required written notice (*see Matter of Walker v Greene Cent. School Dist.*, supra at 966; *Matter of Carbone v Richmond Home Needs Servs. Corp.*, 74 AD2d 668, 669 [1980]). The remaining assertions advanced by the employer and its carrier, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.