■ In the Matter of the Claim of KEVIN MARICLE, Respondent, v CROUSE HINDS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 719]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed July 24, 2008, which ruled that claimant had exacerbated a prior compensable injury and awarded workers' compensation benefits.

Claimant, a tool and model maker, sustained a work-related back injury in 2001, for which he intermittently missed time from work and received workers' compensation benefits. In 2007, claimant again missed work and required medical treatment due to back pain, and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) alleged that the pain was unrelated to the 2001 injury. Following hearings, a Workers' Compensation Law Judge determined that claimant had not suffered a new injury and awarded benefits. The Workers' Compensation Board agreed, and the employer now appeals.

With back injuries, "there is the ever-present danger of recurrence and the question then arises as to whether the subsequent incident was a new accident, an aggravation or . . . an incident associated with the primary injury" (*Matter of Hogan v Weldmaster Co.*, 11 AD2d 557, 557 [1960]). We will not interfere with the Board's resolution of that issue if substantial evidence supports it, even if evidence in the record could justify a different conclusion (*see Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]; *Matter of Lomuscio v Metropolitan Suburban Bus Auth.*, 290 AD2d 828, 829 [2002]; *Matter of Britton v Ruberoid Co.*, 12 AD2d 566, 567 [1960]). Here, claimant's bout of back pain in 2007 was not triggered by any work-related activity, but two of his treating physicians opined that the pain was nevertheless an aggravation of the 2001 injury. A physician who conducted an independent medical examination of claimant, David Carr, disagreed and stated that the pain

arose from unrelated degenerative disc disease. One of claimant's physicians agreed with Carr that claimant had degenerative disc disease, but opined that the 2001 injury was responsible for making that condition symptomatic. Indeed, even Carr admitted that degenerative disc problems were often asymptomatic and that flare-ups of claimant's pain were not necessarily related to what he was doing at the time. Carr's differing conclusion was based upon his opinion that claimant suffered a back strain in 2001 which would have resolved in six or eight weeks and could not be the cause of his pain in 2007. The employer, however, previously conceded that the effects of the 2001 accident persisted long after that time (see Matter of Imbriani v Berkar Knitting Mills, 277 AD2d 727, 730 [2000]). As the Board was free to resolve the conflicting medical testimony in claimant's favor, substantial evidence supports its determination.

We have considered the employer's remaining arguments, including its contention that the Board applied the incorrect standard of review, and find them to be without merit (see Matter of Webb v Cooper Crouse Hinds Co., 62 AD3d 57, 59 [2009]).

Peters, J.P., Kane, Kavanagh. and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.