In the Matter of the Claim of RINEYDA BURGOS PENA, Respondent, v ALIZE II CORPORATION, Doing Business as CARIDAD & LOUIE's, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 583]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2009, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a waitress, applied for workers' compensation benefits in June 2008, alleging that she injured her leg, hip and back in a fall that occurred during the course of her employment on April 29, 2008. In controverting the claim, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) contended that claimant did not provide timely notice of the incident leading to her injuries and that, in any event, claimant's inability to work stemmed from a preexisting back condition. Following hearings, a Workers' Compensation Law Judge established the claim and awarded claimant benefits. The Workers' Compensation Board upheld that determination, prompting this appeal.

We affirm. With regard to notice, claimant testified that a coworker witnessed her fall and that, on May 7, 2008, her husband informed the employer that she could not return to work because of pain in her back and legs. An owner of the employer acknowledged being apprised of a telephone call from claimant's husband indicating that claimant "had been injured and it was because of her having fallen." Further, in its application for Board review, the employer acknowledged that claimant's husband had indicated that claimant had fallen at work. Accordingly, as the sufficiency of a claimant's oral notice is a matter within the exclusive province of the Board, we conclude that substantial evidence supports the Board's factual determination that claimant adequately notified her employer of her injuries (*see* Workers' Compensation Law § 18; *Matter of Pisarek v Utica Cutlery*, 26 AD3d 619, 620 [2006]; *Matter of Walker v Greene Cent. School Dist.*, 6 AD3d 965, 966 [2004]).

Turning next to causation, " '[t]he [B]oard's expertise in delimiting what events are accidents and what events merely constitute exacerbation of prior injuries must be respected if there is ample evidentiary support for the finding' " (*Matter of Lomuscio v Metropolitan Suburban Bus Auth.*, 290 AD2d 828, 829 [2002], quoting *Matter of Di Simone v Underwriters Adjusting Co.*, 91 AD2d 782 [1982]). Here, despite evidence in the record regarding a prior injury to claimant's back, both claimant's physician and an independent medical examiner opined that the injuries underlying the instant claim were caused by claimant's fall in April 2008. The Board was authorized to credit their opinions and, thus, its decision is supported by substantial evidence (*see Matter of Maricle v Crouse Hinds*, 67 AD3d 1284, 1284-1285 [2009]).

The employer's remaining arguments, to the extent not specifically addressed herein, have been reviewed and found to be without merit.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.