Pritzker, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed March 10, 2016, which ruled, among other things, that claimant’s left knee injury was a continuation of an injury from a previously established case.
 

 Claimant sustained an established work-related claim for injuries to, as is relevant here, his left knee stemming from a 2006 fall while employed by Pat Forsha Truck & Auto. Claimant remained symptomatic with regard to pain, underwent three left knee surgeries — the most recent of which was in May 2014 — and received a cortisone injection in the left knee in August 2014.
 

 In 2014, claimant filed a separate claim for workers’ compensation benefits, claiming that he sustained a new injury to his left knee during the course of his employment with Wal-Mart when, on two separate occasions in September 2014, he assisted customers. Specifically, claimant maintained that the new injury occurred when he helped pick up a woman who had fallen and a few days later, when he helped load a gym into the back of a customer’s vehicle. Following a hearing, the Workers’ Compensation Law Judge disallowed the 2014 claim, finding that claimant did not sustain a new injury but exacerbated his preexisting knee condition. The Workers’ Compensation Board affirmed. Forsha Truck and its workers’ compensation carrier appeal.
 
 *
 

 We affirm. “[T]he Board’s expertise in delimiting what events are accidents and what events merely constitute exacerbation of prior injuries must be respected if there is ample evidentiary support for the finding” (Matter of Pena v Alize II Corp., 77 AD3d 1225, 1226 [2010] [internal quotation marks, brackets and citations omitted]). Furthermore, “[t]he resolution of conflicting medical opinions is within the province of the Board, particularly where the conflict concerns the issue of causation” (Matter of Kot v Beth Ameth Home Attendant Serv., 70 AD3d 1114, 1115 [2010] [internal quotation marks and citations omitted]), “and its decision, if supported by substantial evidence, will not be disturbed — despite the presence of evidence that could support a contrary conclusion” (Matter of Baer v Eden Park Nursing Home, 51 AD3d 1344, 1345 [2008]).
 

 The record establishes that claimant suffered chronic pain as a result of the 2006 compensable left knee injury. Prior to the September 2014 incidents, claimant consistently reported that the pain was made worse with standing and increased activity. In July 2014, claimant sought medical treatment due to a sudden and severe increase in pain while at work. Due to the increase in pain, a cortisone shot was administered in August 2014, the effects of which last a few weeks to a month. When claimant again sought medical treatment for increased pain after the two alleged incidents in September 2014, his orthopedic surgeon, Graham Huckell, ordered and reviewed an MRI of the left knee. Although Huckell testified that he attributed the increase in pain and worsening of claimant’s condition to the two September 2014 work incidents, he was unable to identify any new injury to the knee or to make an apportionment between the 2006 compensable injury and the September 2014 incidents. In contrast, James Faulk, an independent medical examiner, opined that, upon examination of claimant and a review of his medical records, claimant’s current condition resulted from normal physical activity that caused his left knee to swell and was related to claimant’s preexisting injury, not the September 2014 incidents. In view of the foregoing, substantial evidence supports the Board’s finding that the September 2014 incidents did not constitute new injuries.
 

 Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.
 

 *
 

 The addendum attached to the brief of Forsha Truck and its workers’ compensation carrier is not part of the record and, therefore, will not be considered.