Matter of Bufearon v City of Rochester Bur. of Empl. Relations (2018 NY Slip Op 08992)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Bufearon v City of Rochester Bur. of Empl. Relations

2018 NY Slip Op 08992

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526688

[*1]In the Matter of the Claim of KAMREN BUFEARON, Appellant,
vCITY OF ROCHESTER BUREAU OF EMPLOYEE RELATIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 16, 2018
Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Connors & Ferris, LLP, Rochester (Sean M. Meritt of counsel), for appellant.
Hamberger & Weiss, Rochester (Stephen P. Wyder Jr. of counsel), for City of Rochester Bureau of Employee Relations and another, respondents.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 25, 2017, which, among other things, ruled that claimant did not sustain a causally-related cervical spine injury.
Claimant sustained work-related injuries as the result of a motor vehicle collision on March 4, 2016. Claimant's subsequent claim for workers' compensation benefits was established for injuries to the left shoulder, left hip and lower back, and he was awarded benefits. Following the accident, claimant received medical treatment for his established injuries, as well as for a cervical spine injury. Thereafter, the self-insured employer, through its third-party administrator (hereinafter collectively referred to as the employer), filed a C-8.1 form disputing payment for certain medical treatment of claimant's cervical spine on the ground that the treatment was not causally related to the compensable injury. At a subsequent hearing, claimant sought to amend his claim to include a causally-related cervical spine injury, and the employer objected. Thereafter, in a January 2017 decision, a Workers' Compensation Law Judge found, among other things, that claimant met his burden of establishing a causally-related cervical spine injury and amended the claim to include that injury. On administrative appeal, the Workers' Compensation Board disagreed, finding, among other things, that claimant failed to sufficiently demonstrate that his cervical spine condition was causally related to the March 4, 2016 incident. Claimant now appeals.
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [*2][2018] [internal quotation marks and citations omitted]; see Matter of Derouchie v Massena W.—WC—Smelter, 160 AD3d 1310, 1311 [2018]). As the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between his employment and the claimed disability (see Matter of Turner v New York City Dept. of Juvenile Justice, 159 AD3d 1236, 1237 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018], lv denied 31 NY3d 909 [2018]; Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]). "The medical opinion as to a causally-related injury must be supported by a rational basis" (Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d 1505, 1505 [2018]; see Matter of Corina—Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]; Matter of Johnson v New York City Bd. of Educ., 169 AD2d 1003, 1003 [1991]) and "must . . . not be based upon a general expression of possibility" (Matter of Park v Corizon Health Inc., 158 AD3d at 971; see Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]).
Hemant Kalia, a physician specializing in pain management, testified that, when he first examined claimant in May 2016, claimant reported pain in his left lateral neck, left posterior neck and left shoulder region. At the time of the examination, Kalia concluded that claimant presented with musculoskeletal pain that was incited by the accident and that it was more likely than not that the accident caused claimant's cervical spine condition. Kalia further stated that the accident "[p]robably caused" claimant's cervical spine condition, but he could not state "with 100 percent certainty that [the] accident itself caused all of his symptoms." Kalia also acknowledged, however, that "it would . . . be impossible for [him] to state that the injury resulted [from the accident] or [that the accident] was the direct result and causal relationship to [claimant's] present symptoms" and that he could not "comment on the cause and effect relationship here." In that regard, although Kalia reviewed the results of an MRI that claimant had in 2016 after the accident, Kalia conceded that he did not compare those results to the findings of an MRI that claimant had in March 2013, prior to his accident. Kalia further admitted that nothing on the 2016 MRI indicated that there was any acute additional injury beyond the pathologies that claimant presented with in 2013.
John Gibbs, the orthopedic surgeon responsible for treating claimant's shoulder, testified that, when he first examined claimant and his cervical spine on March 14, 2016 shortly after the accident, claimant did not report any pain in his neck area. Gibbs stated that claimant first reported numbness and tingling radiating down from his neck and into his fingers during a subsequent examination in April 2016. Gibbs opined that, although he had not been treating claimant for his neck condition because that was not his specialty and had not asked claimant about whether he had any pain in his neck prior to the accident, he "suspect[ed]" that the majority of claimant's shoulder and neck symptoms were related to the motor vehicle accident. Gibbs, however, stated that he was aware of the cervical spine C4-5 fusion surgery that claimant underwent prior to the motor vehicle accident, conceded that he had not reviewed any of the medical records for that prior surgery or the follow-up and surmised that the prior neck surgery was "playing a role" in claimant's current neck complaints.
Although there was medical testimony that could support a finding that the cervical spine injury was causally related to the accident, it is within the Board's province to assess the credibility of the medical testimony presented, and it was free to reject any portion of that testimony (see Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d at 1506; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 914 [2011]). The medical testimony considered by the Board in this matter contained conflicting findings and equivocal narratives regarding whether claimant's cervical spine injury was causally related to the accident, and, inasmuch as neither treating physician reviewed claimant's medical records from his prior cervical spine surgery, the Board was entitled to reject the physicians' opinions regarding causation as mere expressions of possibility and speculation (see Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d at 1506; Matter of Park v Corizon Health Inc., 158 AD3d at 971; Matter of Corina—Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1069-1070; compare Matter of Johnson v New York City Bd. of Educ., 169 AD2d at 1003). Accordingly, we [*3]find that substantial evidence supports the Board's finding that claimant failed to meet his burden of establishing that the cervical spine injury was causally related to the work-related incident.
Finally, we reject claimant's argument that the Board applied the incorrect standard of review in determining whether claimant's cervical spine injury was causally related to the work-related accident. A review of the Board's decision reflects that the Board identified and referenced the proper preponderance of the evidence standard and "weighed the evidence and gave effect to its preponderance" (Matter of Webb v Cooper Crouse Hinds Co., 62 AD3d 57, 59 [2009] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Eaton v Dellapenna Assoc., 91 AD3d 1008, 1009-1010 [2012]; Matter of Maricle v Crouse Hinds, 67 AD3d 1284, 1285 [2009]). To the extent that we have not addressed any of claimant's arguments, they have been found to be without merit.
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.