Matter of Sedlock v Employ Bridge (2019 NY Slip Op 03869)





Matter of Sedlock v Employ Bridge


2019 NY Slip Op 03869


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527342

[*1]In the Matter of the Claim of MARTIN A. SEDLOCK, Respondent,
v
EMPLOY BRIDGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Goldberg Segalla, LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Meggesto, Crossett & Valerino, LLP, Syracuse (Bethany L. Nicoletti of counsel), for Martin A. Sedlock, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed December 12, 2017, which ruled, among other things, that claimant sustained certain causally-related injuries.
For a few weeks in September 2016, claimant worked at a food production plant cleaning production equipment and performing environmental remediation. In January 2017, claimant filed a claim for workers' compensation benefits alleging that he was injured when he tripped and fell while working there. At the time of the accident, he did not inform anyone that it had occurred or seek medical attention. Thereafter, a hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) on the issues of accident, notice and causal relationship. At the conclusion of the hearing, the WCLJ established the claim for a work-related injury to claimant's lower back, right leg and right foot drop and found that he provided timely notice of his injury. The Workers' Compensation Board adopted the findings and conclusions of the WCLJ, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
Initially, "we need not consider the applicability of Workers' Compensation Law § 21 inasmuch as the determination as to causal relationship, or the lack thereof, in this matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing" (Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1029 [2016]; accord Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [2018]).
Turning to the carrier's argument that the record evidence fails to establish that claimant sustained injuries that were causally related to an incident at work, "[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018] [internal quotation marks and citations omitted]; accord Matter of Derouchie v Massena W.—WC—Smelter, 160 AD3d 1310, 1311 [2018]). Claimant testified that, although he could not recall the exact date when he was injured at work, it was toward the end of September 2016, and he detailed the fall and bruising that he experienced. Approximately 10 days later, after the bruising had subsided, claimant experienced symptomology in various spots, including his left shoulder and right foot, the latter of which developed into a foot drop and compelled him to seek emergency care on October 18, 2016. Claimant advised the emergency medical staff that he had recently fallen at work, and back surgery was soon performed.
David Eng, the physician who treated claimant upon his admission and performed the back surgery, testified that claimant reported at that time that he sustained a work injury a few weeks prior. Eng further opined, to a reasonable degree of medical certainty, that claimant's symptoms were caused by the fall at work that claimant had described. Steven Hausmann, the physician who performed an independent medical examination of claimant on behalf of the carrier, disagreed and attributed claimant's symptoms to age-related degeneration, but Eng stated that it was not uncommon for the symptoms of foot drop to develop slowly over time due to a back injury. Eng also noted that a prior fall in March 2016 was too remote in time to be a likely cause of claimant's symptoms. The Board was free to, and did, credit the testimony of claimant and the medical testimony of Eng over the competing opinion from Hausmann (see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1322-1323 [2018]; Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d 1265, 1267 [2017]). Accordingly, substantial evidence supports the Board's finding that claimant sustained injuries that were causally related to an accident at work.
Finally, we reject the carrier's contention that claimant failed to provide timely notice of his injury under Workers' Compensation Law § 18. Written notice of an accidental injury shall be given within 30 days after the injury-causing event unless such notice could not be given, the employer had actual notice or the employer did not suffer any prejudice from a delay (see Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]; Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [2018]). "Failure to file timely notice may also be excused where the employee notified the employer as soon as the severity of the injury became apparent" (Matter of Oberson v Bureau of Ferry Aviation & Transp., 303 AD2d 795, 795 [2003] [citation omitted], lv denied 100 NY2d 507 [2003], cert denied 540 US 1151 [2004]; see Matter of Peters v Putnam Hosp. Ctr., 146 AD2d 834, 835 [1989]; Matter of McEnaney v Memorial Hosp., 80 AD2d 689, 689-690 [1981], lv denied 53 NY2d 606 [1981]).
It is undisputed that claimant emailed his former supervisor on October 24, 2016 to inform her that he was injured at work and that the severity of his injuries became apparent later and required prompt medical action. The Board credited claimant's testimony that he was injured during the final week of September 2016 and that he reported the accidental injury as soon as he realized that it was related to his symptoms. Thus, according deference to those credibility determinations (see Matter of Sheikh v White & Blue Group Corp., 168 AD3d at 1199; Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d 1186, 1187 [2017]), we find substantial evidence to support the Board's determination that, to the extent there was any delay in the notice given, it should be excused insofar as claimant promptly reported the accident once he discerned that his injuries were related to it (see Matter of Blain v Emsig Mfg. Corp., 249 AD2d 602, 602-603 [1998]; Matter of Peters v Putnam Hosp. Ctr., 146 AD2d at 834-835). We have considered the carrier's remaining contentions and conclude that they are without merit.
Egan Jr., J.P., Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.